JOHN B. MARTIN and JOHN CROOKS,

*vs.*

WM. J. W. PURNELL, surviving Executor of ESTHER COVERDALE, deceased, and surviving Trustee under the will, and ELIZA A. THOMAS.

*Sussex, Sept. T. 1871.*

When land was devised to be sold by an executor and trustee and the proceeds divided, upon a bill filed to compel a sale, all the persons entitled as *cestuis que trust* should be parties, and one who will not join as complainant should be made a defendant.

32—DEL. CH. IV.

In equity proceedings, subject to some exception, all persons having an interest in the subject-matter, such as may be affected by the decree sought, shall be parties either plaintiff or defendant.

BILL IN EQUITY.—This bill alleged the following facts : Esther Coverdale being seised of 316 acres of land, on December 27, 1865, made her will and authorized the sale of her real estate by her executors, the proceeds to pay debts and then to be applied to the purposes of the will ; meanwhile the executors were empowered to receive and apply the rents. She devised all her interest in the real estate to relatives named who included the complainants and the defendant, Eliza Ann Thomas.

The testatrix died January 7, 1866, and her will was proved in Philadelphia, and letters testamentary were issued to Wm. J. W. Purnell and Purnell J. Harrington, the Executors named in the will, who accepted the office and trust. The probate of the will and letters testamentary were duly recorded in Delaware. Harrington died June 24, 1866, no sale having been made or rents received by him and he performed no act in his office, the whole management being assumed by Purnell, who received all rents and profits and has not fully accounted for them. The devisees and parties entitled have received nothing, and desire the lands sold and the proceeds distributed. Purnell has had exclusive possession. Under his mangement the land yielded little, no improvements have been made, and the land has depreciated by his neglect, willful and intentional. He has two or three times advertised for sale and pretended to desire to sell, but refused to comply. Of these sales, except the last, only one complainant had notice. He has sold three times to reponsible purchasers who would have taken the land, but has thrown doubts upon the title and prejudiced the sale and has tried to buy up the titles of the devisees and has proposed to the complainant Crooks, a fraudulent sale to himself and Crooks. Purnell was alleged to be not worth the amount

the lands would sell for and the fund would be in danger if it came into his hands.

The prayers were for answer, injunction, account, removal of defendant Purnell, appointment of new trustees, decree for sale, and general relief.

An amendment to the bill was filed making Eliza Ann Thomas a party defendant, whereupon she demurred, upon the ground principally that she had no interest in the controversy, that no decree was sought against her and that she was not answerable.

The demurrer was argued September 20th, 1871.

*Layton,* for the demurrant.

Eliza Ann Thomas is not named in the will as Executor or trustee, nor invested with any power or control over the lands. She has no interest in the controversy and the complainants have no right to call upon her to answer. *Mitf. Eq. Pl.* (110), (225); *Coop. Eq.* 189.

*Moore,* for the complainants.

The bill shows that Ann Eliza Thomas is one of the *cestuis que trust,*—equally interested with the complainants, *either in* having the land converted or held as it is subject to the trusts. The prayer is for sale, and her interest may be adverse to that prayer, therefore she would be interested in the question of conversion. Further, in equity all persons interested in the subject matter must be parties. She is certainly interested in Purnell's fidelity and proper accounting as trustee and in the question of his removal. Again, the party may show that she is a confederate, as she refused to be a complainant and voluntarily appears and demurs when made a defendant.

The prayer is for discovery and relief and one may be a party for either. 1 *Dan. Ch. Pr.* 624, *note* 1.

---
---

If she were not made a party the bill would have been demurrable, because she was not joined. 1 *Dan. Ch. Pr.* 238, 42. 674 ; *Sto. Eq. Pl. Sec.* 885.

THE CHANCELLOR :—

It is a rule in equity proceedings, subject to some exceptions, that all persons having an interest in the subject-matter, such as may be affected by the decree sought, shall be parties, whether plaintiff or defendant. *Mitford's Pl.* (164); *Cooper's Eq.* (33) *n*; 1 *Daniell's Ch. Pr.* (240); *Story's Eq. Pl. Sec.* 72. The object of the rule is that complete justice may be done by settling the rights of all persons interested in the subject of the proceeding, so as to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent a multiplicity of suits. It may be that a party interested in the subject-matter may neither seek a decree, nor may a decree be sought against him. Nevertheless if his interests may be affected, he must be joined to the end that he may be heard and that his rights may be concluded by the suit and further litigation be prevented. Of this class is a great variety of cases, which are enumerated at large in 1 *Dan. Ch. Pr.* (241) *chap. V sec.* 1, and *Sto. Eq. Pl. Sec.* 159. They are classed as cases in which there are persons having concurrent interests or rights with those of the party instituting the suit, and who may be affected by the decree ; all of whom, it is said, must be brought before the court either as co-plaintiffs or defendants. Ordinarily, persons having such concurrent interests are joined as plaintiffs, but if such a person refuse to join in the bill the party seeking relief must be at liberty to join him as a co-defendant ; for, otherwise, the refusal or indifference of one among a number of persons having a community of rights would deprive others of all remedy. Among the cases put by Justice Story, *Eq. Pl., Sec.* 159, is that of one joint tenant, who "cannot ordinarily sue or be sued without joining the other joint tenants." "So," he proceeds,

"tenants in common must all sue and be sued in cases "touching their common rights and interests. So, per- "sons having a common interest in a trust fund in moieties "must join in a suit where redress is sought on account of "the fund improperly dealt with." *Munch vs. Cockerell,* 8 *Sim.* 219. The present is of the class referred to and similar in circumstances to the one cited from Simons. Mrs. Thomas is one of the persons entitled, under the will of Esther Coverdale, to the proceeds of the real estate directed by the testatrix to be sold, the defendant Purnell being the trustee. The bill is filed for his removal from the trusteeship for misconduct and fraud, and for a sale and distribution of proceeds to be made by either substituted trustees or by complainant, if he be not removed. Mrs. Thomas has precisely the same interests as the complainants, and must be affected by this proceeding. If, objecting to the decree sought, she has refused to join as a co-plaintiff, she should be joined as a co-defendant that her objection may be heard and her rights concluded by such decree as may be made.

The demurrer is overruled and the defendant Eliza Ann Thomas ordered to answer or plead.