## *In re* Estate of McClean, Jr., Deceased.

*(Circuit Court, W. D. Pennsylvania.* December 14, 1885.)

1. REMOVAL OF CAUSE—SEPARABLE CONTROVERSY.

    Where the subject-matter of the suit is a testamentary trust, all the beneficiaries, by themselves or their guardians, being joint exceptants to the trustee's account, the purpose of the proceeding being the enforcement of the trust,—the preservation of the trust-estate, and its due administration,—*held* that, as between one of the exceptants and the trustee, there was no separable controversy under the removal act.

2. SAME—CITIZENSHIP OF GUARDIAN.

    Upon a question of the right of removal, the citizenship of the guardian suing, and not that of his ward, is the test of jurisdiction.

Motion to Remand the Cause to the Orphans' Court of Allegheny County.

*S. A. McClung,* for the motion.

*Wm. A. Stone, contra.*

ACHESON, J. Undoubtedly, in resolving the question of jurisdiction, regard must be had to the state of the record as it was when the petition for removal was filed. But, discarding the subsequent order of the state court, how stands the case in respect to the parties? On the one side we find Mrs. Susanna McClean, A. J. Pentecost, guardian of Harry McClean, a minor, and William H. Parsons, guardian of Florence H. McClean, a minor, and on the other side Abdiel McClure. Now, according to the allegations of the petition for removal, all these parties are citizens of the state of Pennsylvania, except William H. Parsons, and his ward. Is there disclosed, then, in the suit "a controversy which is wholly between citizens of different states, and which can be fully determined as between them?" For the proper solution of the problem we must consider the subject-matter of the suit, and this we discover to be a testamentary trust; Mrs. McClean and the two named minors being the beneficiaries, and Abdiel McClure the trustee. In the state court Mrs. McClean and the guardians of the two minors joined in filing exceptions to the account of the trustee. The object of the proceeding is the enforcement of the testamentary trust,—the preservation of the trust estate, and its due administration. Now, certainly, all the beneficiaries are directly interested in the relief sought, and the presence of all the named parties would seem to be necessary for full and complete redress. *Winchester* v. *Loud,* 108 U. S. 130; S. C. 2 Sup. Ct. Rep. 311. I am, then, of opinion that there is here no separable controversy, within the meaning of the removal act, between William H. Parsons, guardian of Florence H. McClean, and the testamentary trustee.

Nor would the case be removable were the proposed amendment (averring that the minor, Harry McClean, is a citizen of the state of New York) allowed; for not only would the citizenship of Mrs. Mc-

Clean remain as an obstacle to a removal, but the question of jurisdiction is to be tested by the citizenship of Pentecost, the guardian, and not by that of his ward. *Coal Co.* v. *Blatchford,* 11 Wall. 172.

The suit must be remanded to the orphans' court of Allegheny county, and it is so ordered.