### PENNINGTON v. SMITH et al.

(Circuit Court, S. D. New York. June 11, 1895.)

**1. TRUSTEES—RIGHT TO SUE IN FOREIGN JURISDICTION.**
    A trustee appointed by the courts of one state has a right to maintain a suit in relation to the trust property in the courts of another state.

**2. TRUSTS—JURISDICTION—RESIDENCE OF TRUSTEE.**
    The courts of a state do not lose jurisdiction of a trust created by the will of a citizen of such state, and the funds of which have arisen out of

property situated in such state, because the trustee has removed to another state.

3. SAME—EQUITY—FOLLOWING TRUST PROPERTY.

A suit, by a trustee, seeking to impress the trust upon money in the hands of a stranger to the trust, and the bank in which such stranger has deposited it, is within the jurisdiction of equity, as there is no adequate remedy at law.

4. SAME.

Where a trustee, though clothed with wide discretion as to the investment of the trust funds, and not accountable for waste, has turned over part of such funds to his wife, who has notice of the source from which they come, and who retains possession of them, such funds can be followed and reclaimed by the successor of such trustee.

This was a suit by William Pennington, as trustee for Louise Condit Smith and Sallie Barnes Smith, against Emma Condit Smith and the Fifth Avenue Bank of New York, to impress a trust upon certain funds. The cause was heard on the pleadings and proofs.

There is, practically, no dispute regarding the facts. George Condit Smith was the trustee of a fund of $13,356.87, the beneficiaries being his two infant daughters. This trust was created by the will of his first wife, Sallie L. B. Smith, who died in July, 1890. By the terms of the will the testatrix, after making certain specific bequests, gave one equal undivided half part of the remaining property to her husband and the other half to her children. The children's share, during their minority, was to be held by their father in trust. At the time of her death Mrs. Smith was a resident of New Jersey. Her will was proved before the surrogate of Essex county in that state and letters testamentary were issued to the said George Condit Smith, her husband. In July, 1892, Mr. Smith married the defendant Emma Condit Smith. In January, 1893, the residence at East Orange, N. J., which was the property of the first Mrs. Smith, was duly sold to Thomas B. Crossley, who executed a purchase-money mortgage thereon for $17,500 to "George Condit Smith, personally, and as special guardian of Louise Condit Smith and Sallie Barnes Smith, infants." The infants' share in said mortgage was the said sum of $13,356.87 which the trustee duly acknowledged to be a prior lien to the balance of $4,143.13 due to him as an individual. On the 20th of March, 1894, Crossley paid $5,000 on the mortgage by check payable to the order of Smith individually and received a receipt signed by Smith "personally and as guardian." This check was sufficient to pay Smith's interest in the mortgage in full and $856.86 of the infants' interest. George Condit Smith indorsed this check to the order of the defendant, Emma Condit Smith, and it was by her deposited in the Fifth Avenue Bank and collected. On the 25th of September, 12 days before the death of Mr. Smith, Crossley made another payment of $5,000, the check being made payable to "Geo. Condit Smith, Guardian." The check was indorsed by Mr. Smith as guardian to the order of the defendant Emma Condit Smith and was by her deposited, as before, in the Fifth Avenue Bank. Crossley also paid the interest on the mortgage by checks which were indorsed by Smith as guardian and were in like manner deposited by Mrs. Smith in the defendant bank. On the 7th of October, 1894, George Condit Smith died leaving a last will and testament by which he gave all his property to his widow, the defendant Emma Condit Smith, and appointed her guardian of his children and executrix of his will. On the 16th of the same month the complainant was appointed by the chancellor of New Jersey "trustee for Louise Condit Smith and Sallie Barnes Smith, severally, in the room and stead of George Condit Smith, deceased, late of East Orange, in the state of New Jersey, with all the rights, powers, duties and privileges incident to the appointment." Before entering upon his duties he was required to give bond to the chancellor in the sum of $60,000 as trustee for each of said infants. By an order, dated October 16, 1894, the complainant was also appointed "special guardian in the place and stead of George Condit Smith, special guardian, deceased, for Louise Condit Smith and Sallie Barnes Smith, severally, with all the rights, powers, duties and privileges incident to the appointment." He

was required to give a bond of $15,000 as guardian of each infant. George Condit Smith died insolvent. At the time the defendant, Mrs. Smith, received the checks in question she knew of the interest of the infants in the New Jersey property. By stipulation made at the argument the bill was amended by inserting an allegation that the parties are citizens of different states and also that the complainant was on October 16, 1894, appointed special guardian of the said infants. The bank has not answered, but there is a stipulation that it will hold the moneys, mentioned in the bill, subject to the decree of the court.

John Brooks Leavitt, for complainant.

Alexander Thain and Thomas M. Tyng, for defendant Smith.

COXE, District Judge. This action is brought by the complainant, a citizen of New Jersey, as trustee and special guardian appointed by the court of chancery of that state, against the defendants, who are citizens of New York, to impress the trust upon certain funds in their possession and compel the delivery thereof to him. Stated more briefly it is a suit by a trustee to compel a return of property belonging to the trust fund which the defendants improperly withhold therefrom. The right of a trustee appointed by the courts of one state to maintain such an action in the courts of another seems to be established by the decision in Toronto General Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 25 N. E. 198. At page 46, 123 N. Y., and page 198, 25 N. E., the court says:

"Having thus been clothed with the title to the trust estate in Canada by proceedings in the Canadian action, can it, standing upon that title, maintain an action here as trustee? We think this question was erroneously answered in the negative in the court below. It is the general rule that he who is the legal owner of property may maintain an action wherever it may be for its recovery, or for damages for its conversion. Generally, his capacity to sue in such cases grows out of his legal ownership. It is believed that there is no exception to the rule where the legal owner sues in his own right and not in a representative capacity. * * * Its (the trustee's) position is not like that of an executor or administrator, who is simply a representative of a dead person, gathering in and administering upon property for the benefit of others. But it is more like that of the legal owner of property who pursues it or brings suit about it for his own benefit."

Was the complainant properly appointed? Unless some reason not now suggested is brought to its attention the court does not feel justified in declaring the orders of the New Jersey chancellor void. It must be remembered that the trust was created by Mrs. Sallie Smith, who lived and died a citizen and resident of New Jersey. Her will was probated there. The real estate out of which the fund in question arises is situated there. It was sold under the auspices of the court of chancery of New Jersey, which court appointed complainant's predecessor special guardian to protect the interests of the infants. A portion of the trust estate is still secured by the mortgage on this New Jersey real estate. It is argued that the New Jersey court lost all jurisdiction in the premises because the trustee removed to New York and died there. No authority is cited in support of this proposition and none has been found by the court. Unquestionably the surrogate of New York had jurisdiction of the estate of Mr. Smith, but we are dealing here with the estate of Mrs. Sallie Smith. Mr. Smith did not own this property; he could not dispose of it by will or otherwise; he sim-

ply held it in trust for the benefit of his infant children. An application to the surrogate of New York to appoint his successor would probably have been met by a suggestion that the petition should be addressed to the courts of the state where the will was filed, where the real estate was sold, and where the order appointing the special guardian was made. Unquestionably the New Jersey courts, originally, had jurisdiction of this trust, and it is thought that they did not lose jurisdiction because the trustee died in another state. So, then, we have the case of a legally appointed trustee suing in a court that has jurisdiction to recover a part of the trust estate which has been illegally diverted and detained. It cannot for a moment be pretended that either of the defendants has any title to the trust fund. Even though the defendant, Mrs. Smith, were appointed guardian of her husband's children under his will, it would not give her the right to hold funds which his will could not touch and which he held only as trustee. The complainant holds the commission of the chancellor of New Jersey to act as trustee and guardian and has given bonds in the sum of $150,000 for the faithful discharge of his duty. The defendants, on the contrary, have no shadow of title and do not pretend to have any. Surely they should not be permitted to hold the fund as against the complainant.

No defense on the merits is urged, but the attempt is made to defeat the complainant by defenses in the nature of demurrers. It is said that equity will not take cognizance of the action because there is a perfect remedy at common law. Is there a remedy at law? The action is by a trustee. He seeks to have the trust impressed upon a specific fund in the defendant bank, which, in the ordinary course of business, would be liable to the orders of the depositor. He prays for an injunction restraining the defendants from disposing of said money and for an accounting to ascertain what amount of property belonging to the trust is in the hands of the defendants. All these are matters of equitable cognizance and in view of them the court is unable to see how a full and adequate remedy can be had at law.

Again, it is argued that by the terms of the will Mr. Smith had full discretion as to the management and investment of the trust estate and that he had a right to place the money in the hands of his wife for the benefit of his children. Undoubtedly the will of the first Mrs. Smith gave him large discretion. He might have wasted the entire fund by bad investments and the complainant would be remediless. It is even possible that had he invested the fund with the defendant, Mrs. Smith, taking nothing but her unsecured note in return, the transaction could not be questioned. But there is no pretense of anything of this kind. A trustee cannot despoil the trust by turning the property into money and handing the money to his wife. Putting the property out of his hands is not investing it. The complainant has found a portion of the trust fund in the possession of the defendants and he seeks to reclaim what is his. If they have title it is for them to disclose its nature. So far from asserting ownership Mrs. Smith expressly dis-

claims any title to the fund in question.    Paragraph 7 of the answer is as follows:

"And this defendant, further answering said bill, alleges that this defendant has never made any claim of right, title or interest in or to the checks mentioned in the bill, or to the proceeds thereof.    On the contrary, this defendant received said checks and deposited the same in her bank, at the request of and for the accommodation of said George Condit Smith in his lifetime and under the belief that they were the property of the said George Condit Smith, as they appeared to be under his absolute control and disposition.    After the receipt thereof, and during the lifetime of said George Condit Smith, this defendant repaid out of the proceeds of said checks to him, and disbursed for him at his request, the entire proceeds thereof, and there was not, at the time of the commencement of this action, on deposit with the defendant the Fifth Avenue Bank, to the credit of this defendant, any of the proceeds of said checks or either of them."

There is no proof that the money has been disbursed as alleged, and, upon this record, it must be presumed that a large portion of the trust money is still in the custody of the bank.    Should it prove to be, Mrs. Smith, has, by the express averments of her answer, renounced all claim thereto.

As to the $5,000 payment, made September 25th, it is thought that the defendant, Mrs. Smith, must be charged with notice.    That she knew of the trust generally is sufficiently proved by her letter of August 9, 1893, to the complainant, and that the $5,000 was a part of the trust was sufficiently shown by the fact that the check was made payable to Mr. Smith as guardian and was so indorsed by him.    However, she knows now that this $5,000 belongs to the trust estate.    She has parted with no value on account thereof, and, assuming the amount to be still in the bank, she has no right to retain it against the trustee even though she at one time supposed that it was her husband's individual property.    In view of Mr. Smith's declaration of trust and the receipt given by him it is thought that the first payment of $5,000—March 20, 1894—was applied to the extinguishment of his individual interest in the mortgage and that the balance of $856 was paid to him as trustee and guardian.    There was nothing upon this check to indicate that it related to trust funds and if the above amount $856 was checked out in good faith by Mrs. Smith she cannot be required to account therefor.

It is thought that there should be a reference to determine

First, what amount of money belonging to the trust remains in the bank.    Should the master find that the full amount now claimed by the complainant, to wit, $5,856.87, is there, he need proceed no further.    If, however, he finds less than that amount in the bank he should proceed,

Second, to ascertain whether the balance was disbursed by Mrs. Smith with full knowledge that it belonged to the trust estate and report the amount so disbursed by her.

Mrs. Smith should account for the amount belonging to the trust estate which she has used for her own benefit with full knowledge of the trust, but she should not be charged with sums paid to

the deceased trustee or disbursed by his direction for the purposes of the trust.   There should be a decree for the complainant in accordance with these views.