WILCOXEN v. CHICAGO, B. & Q. R. CO.

(Circuit Court, S. D. Iowa, E. D. June 26, 1902.)

No. 356.

1. REMOVAL OF CAUSES—EXISTENCE OF CONTROVERSY—HOW DETERMINED.

Under the provisions relating to the removal of causes in the federal judiciary act of 1887–88, which permit a petition for removal to be filed at the time, or at any time before, the defendant is required by the laws of the state to answer, the filing of an answer in the state court, disclosing the existence of a controversy, is not essential to the right of removal, where the petition for removal states that there is a controversy.

2. SAME—DIVERSITY OF CITIZENSHIP—ACTION BY GUARDIAN.

Under the statutes of Iowa the appointment of a guardian for a minor or an insane person does not vest the guardian with title to the property of his ward or to a cause of action existing in his favor, but only with the right to manage and control the ward's property, and to prosecute actions in his behalf and for his benefit; and, in an action brought by a guardian for an insane person appointed by a court of Iowa, the ward is the real party plaintiff, and his citizenship, and not that of the guardian, controls with respect to the jurisdiction of a federal court or the right of removal.

On Motion to Remand to State Court.

Chester W. Whitmore and McElroy & McElroy, for plaintiff.
William McNett and W. D. Eaton, for defendant.

McPHERSON, District Judge. This case was brought by the title above given in the district court of Wapello county, Iowa. The action is for a personal injury suffered by the said Eslinger by reason of the

¶ 2. Diversity of citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

alleged negligence of the defendant. Subsequently Eslinger became insane, by reason of said injury, as alleged. The amount sued for, exclusive of interest and costs, is in excess of $2,000. Within the time fixed by law the defendant filed in the state court its petition for a removal to this court of the case. A good and sufficient bond was tendered. The petition for removal was verified. The petition for removal was in the usual form, and reciting that there is a controversy. It was sufficient in all respects to obtain a removal, unless it be with reference to the diverse citizenship. The state court found, and so recited of record, that the diverse citizenship was made to appear. But that court held that because defendant had filed no answer to the alleged cause of action that it did not appear there was any controversy, and for that reason the petition for removal was denied. The supreme court of Iowa, up to the year 1886, had several times so decided, and, as I recollect, has not since the 69th Iowa otherwise ruled. No doubt the state district court followed those decisions. But the United States courts do not feel bound by those decisions, and I very much doubt if the Iowa supreme court would so hold under the present judiciary act, because that statute provides that a petition for removal must be filed "at the time, or at any time before the defendant is required by the laws of the state * * * to answer." 25 Stat. 435. Upon that point, if by the petition for removal or otherwise it is made to appear that there is a controversy, it is regarded as sufficient. And this was not controverted at the oral argument before me. I do not regard the question open for discussion, and am content with stating that when the petition for removal states that there is a controversy, and that such controversy is as to an amount in excess of $2,000, etc., an answer need not be filed until the case is in this court. Although the state court, for the reason stated, denied the removal, the defendant in due time filed the record in this court. Thereupon plaintiff filed a motion to remand, on the ground that the citizenship is not diverse. This motion has been elaborately argued, both by brief and orally.

The defendant company now is, and for many years has been, a corporation organized and existing under the laws of Illinois, and therefore a citizen of that state. Eslinger, the person injured, was when injured, and at all times since has been, a citizen of Iowa. The guardian, Wilcoxen, was when this action was commenced, and at all times since has been, a citizen of Illinois. This guardian was appointed by the district court of Wapello county, Iowa, sitting in probate. Therefore we have these facts: The guardian is a citizen of Illinois. The insane man for whose use and benefit the action is brought is a citizen of Iowa. Can the action be removed to this court on the ground of diverse citizenship? Or does the citizenship of Eslinger, the insane man, control? As the guardian, Wilcoxen, and the defendant company are both citizens of Illinois, if the citizenship of the guardian controls this case must be remanded. But as the insane man, Eslinger, for whose use and benefit the action is brought, is a citizen of Iowa, and the defendant company is a citizen of Illinois, the motion to remand must be denied, and this court will retain jurisdiction, provided it is the citizenship of the insane man which governs. That all moneys recovered in this action, if any are recovered, will go

to Eslinger, the insane man, and that Wilcoxen will receive nothing beyond his reasonable compensation, need only be stated. Section 3481 of the Code of Iowa provides: "The action of a person judicially found to be of unsound mind must be brought by his guardian." The preceding section (3480) provides: "The action of a minor must be brought by his guardian, if he has one, if not, by his next friend." In each case it is the action of the party. In the one case it is "the action of a minor," and in the other it is "the action of a person judicially found to be of unsound mind." It is not the action of the guardian or of the next friend, but it is the action of the ward. Section 3194 provides: "If a minor owns property, a guardian must be appointed to manage the same." In case a corporation seeks to condemn property belonging to a minor or insane person, the guardian, under the direction of the court, makes the adjustment of the damages. Section 2001. The guardian of a minor or insane person must list the ward's property for taxation (Code, § 1312), and may, but need not necessarily, redeem the same from a tax sale. If the guardian does not redeem, the minor or insane person may redeem at any time within one year after the disability is removed. Id. § 1439. "Any guardian may sue in his own name," but the action does not abate by the death, resignation, or removal of the guardian. Id. § 3224. The guardianship of minors and of insane persons is governed by the same laws. Id. § 3223. And such guardians must prosecute and defend for their wards under proper orders of the court. Id. § 3200. These statutes persuade me that the rule in Iowa is, as perhaps it is elsewhere, as well as at common law, that the title to the property is in the ward, and not in the guardian. The guardian controls and can manage, but has no title nor ownership, and can only control subject to the direction of the court appointing him. And it being true, that the ward has the title, and the guardian only the right of control, is to me of importance. On the precise question now before the court, the two text books Moon on Removal, and Black's Dillon on Removal, are not agreed, the one being for, and the other against, the jurisdiction of this court, on the facts of this case. In Moon on Removal (section 134) it is said:

"Where a suit is brought by or against a party in a representative capacity, his personal citizenship controls the question of federal jurisdiction, so far as such jurisdiction depends upon the citizenship of such party. This rule applies to suits by or against trustees, administrators, executors, guardians, receivers, and officers of joint-stock companies."

And that guardians are so included the author cites the following cases: (1) City of New Orleans v. Whitney, 138 U. S. 595, 11 Sup. Ct. 428, 34 L. Ed. 1102. This was one of the famous Gaines suits, and this particular action was by her administrator. The case, therefore, cannot be and is not in point. It is true that Justice Bradley (at page 606, 138 U. S., and page 431, 11 Sup. Ct., 34 L. Ed. 1102) does say that it is the citizenship of the executors, guardian, etc., that controls, but he says this as dictum, and that only because, as he says, the assignments of the cause of action are by operation of law. But in Iowa, at least, the guardian does not take, by assignment or otherwise, the cause of action. (2) Woolridge v. McKenna (C. C.) 8 Fed. 650. This case, in so far as it is an authority at all, is to the effect

that it is the citizenship of the ward, and not of the guardian, that is controlling.   (3) In re McClean's Estate (C. C.) 26 Fed. 49.   This is a case of what was a separable controversy, and throws no light upon the question, and the subject-matter of the suit was that of a testamentary trusteeship.   (4) Pennington v. Smith (C. C.) 69 Fed. 188, and Id., 24 C. C. A. 145, 78 Fed. 399, was the case of a testamentary guardianship.   Whether Moon on Removal is correct in his statements or not, the cases cited by the author do not sustain the text.

In case of an administrator or receiver or trustee or executor bringing an action there can be no question but that it is the citizenship of such trustee or receiver or executor that controls.   But this is because the title to the subject-matter of the action is in such party, and not in the party to profit by a recovery.

Justice Gray, in Lamar v. Micou, 112 U. S. 452, 472, 5 Sup. Ct. 221, 28 L. Ed. 751, said:

"The case of such a guardian differs from that of an executor of or a trustee under a will.   In the one case, the title in the property is in the executor or the trustee; in the other, the title in the property is in the ward, and the guardian has only the custody and management of it, with power to change its investment."

I understand it to be a rule, invariably followed, that in a case where the party to the record, as plaintiff, has no interest in the subject-matter of the suit, that the citizenship of such party is not material, but that it is the citizenship of the party in whose interest the action is brought that is controlling.   For example, a sheriff or marshal levies upon property, and upon receiving a forthcoming bond releases the property.   Afterwards the sheriff sues on the bond for the benefit of the judgment creditors.   If the judgment creditors are citizens of one state, and the defendant of another, the United States court takes jurisdiction, and it is not material that the sheriff or marshal who is plaintiff is a citizen of the same state as is defendant.   Huff v. Hutchinson, 14 How. 586, 14 L. Ed. 553.   In case of a state bringing suit upon a bond for the use and benefit of another the court looks only to the citizenship of the defendant and the person for whose use the action is brought.   Indiana v. Glover, 155 U. S. 513, 15 Sup. Ct. 186, 39 L. Ed. 243; Maryland v. Baldwin, 112 U. S. 490, 5 Sup. Ct. 278, 28 L. Ed. 822.   In case of an executor the title to the recovery is vested in him.   He is to distribute it to creditors and to the beneficiaries, as may be determined by the probate court.   But a guardian holds the recovery and manages it only until the disability of the ward is removed.   Then the ward takes that which has been his all the time, and the management of the guardian is at an end.

Suppose the title of this case was reversed.   Suppose the case was originally brought in this court by the defendant company as plaintiff on an alleged cause of action against Eslinger, the insane man.   The name of the guardian would be mentioned, and mentioned twice only: (1) In the return of the officer showing service of the process.   (2) The guardian would appear and make defense.   Such appearance would be necessary, and plaintiff would know that.   But would such appearance defeat the jurisdiction of this court?   I doubt whether any one would so contend.   But the defense by the guardian would be just as important in the supposed case as the prosecution of the case at bar

by the guardian. In neither case would there be a judgment for costs against the guardian. But in each case the guardian would have the management of the litigation for the ward. Nothing more and nothing less would be the duty and rights of the guardian.

Take another supposed case. Suppose Eslinger, shortly after his injury, on his own motion had gone to Illinois, with a purpose of remaining a few days, and then returning to his home in Iowa. While in Illinois the defendant company, as plaintiff, a citizen of Illinois, sued Eslinger in a state court of Illinois. The amount sued for was in excess of $2,000. The next day Eslinger became insane, and a few days thereafter he was removed to his home in Iowa, and there judicially declared to be of unsound mind, and Wilcoxen appointed his guardian. Would any one contend that the action in the Illinois court was abated or was suspended until Eslinger was restored in mind? Certainly not. And would any one contend that Wilcoxen, the guardian, could not appear in the Illinois state court, and remove the case to the United States circuit court for the proper district? In my judgment, all lawyers would say that it was a removable case. And, if this be so, is it not an argument of great weight that the present case is removable, because the nonresident defendant may, under section 2 of the present judiciary act, remove any case in which original jurisdiction might be acquired under section 1, and either section interprets the other. Black's Dill. Rem. Causes, § 92, expressly declares that it is the citizenship of the ward, and not of the guardian, that determines the question of jurisdiction. It must be conceded that the text of this author is not very well sustained by the cases he cites. But Judge Brewer, in the case of Dodd v. Ghiselin (C. C.) 27 Fed. 405, had, as I think, this precise question before him when sitting in the district of Missouri. In that case two minors, citizens of Texas, brought the action against a citizen of Missouri. But the minors brought the action by their next friend and curator. As I understand it, a curator in Missouri occupies largely, if not entirely, the position of a guardian in Iowa. And Judge Brewer sustained the jurisdiction of the court, upon the ground that the wards had the title to the subject-matter of the suit, thereby distinguishing the case from those suits brought by executors, and citing the case of Lamar v. Micou, 112 U. S. 452, 5 Sup. Ct. 221, 28 L. Ed. 751, as being decisive of the question.

And this court is one of limited jurisdiction, and its jurisdiction must always be made to clearly appear. If I were in doubt, I would remand the case. But I am not in doubt. It clearly appears to me that the state court was ousted of jurisdiction when the petition and bond was filed, and the filing of the record in this court, and that this court took jurisdiction when the record was thus filed.

I have assumed that the guardian was regularly and lawfully appointed. I have not considered whether the state court had authority to appoint a citizen of Illinois as guardian of an insane citizen and resident of Iowa, with no estate excepting in Iowa. And, whatsoever the purpose was in thus securing the appointment of a citizen of Illinois to act as guardian, the fact that the ward is a citizen of Iowa and the defendant a citizen of Illinois in my opinion gives this court jurisdiction.

The motion to remand is overruled.