In the Matter of the Trust under the Will of Jesse Lane, deceased.

### New Castle, May 25, 1916.

Though, in general, trustees and beneficiaries are both necessary parties in suits against either, there is a well-established exception where the suit is brought by the trustee to recover trust property, or to recover for breaches of trust by former trustees, in suits of which character the beneficiaries are not necessary parties.  .

Though a successor in a trust is not liable for the defaults or misconduct of his predecessor, yet he must obtain all the property of the trust, and for this purpose should investigate the acts of his predecessor, and recover from him whatever belongs to the trust estate.

Petition by Trustee to Surcharge former Trustees with alleged losses on investment securities.    Martin Lane and Huxley Harvey were appointed trustees of the sum of $100,000 by item ten of the will of Jesse Lane, deceased, and performed their duties as such until the death of Huxley Harvey.   Thereupon, Martin Lane, the surviving trustee, resigned and the Security Trust and Safe Deposit Company was appointed by the Chancellor trustee under said item ten of the will.   The new trustee refused to accept from the surviving trustee certain investment securities at the prices paid for them by the former trustees, and filed a petition asking that the estate of the deceased former trustee and the surviving trustee be surcharged with losses on the investment securities.

Answers were filed by the surviving trustee and the administrator of the deceased former trustee, and the cause was heard on the petition and answers.   The facts are sufficiently set forth in the opinion of the Chancellor.

*Benjamin Nields*, for the present trustee.

*Robert H. Richards*, for the late surviving trustee and the estate of the deceased trustee.

The Chancellor.   Jesse Lane by his will bequeathed a sum of money to Martin Lane and Huxley Harvey in trust to

invest the money and pay the interest to the testator's daughter for life and then to certain other persons. After the death of the testator the trust was accepted by the trustees and they performed the duties of their office until the death of Huxley Harvey. The surviving trustee then filed a petition for leave to be allowed to resign, and this request was granted, a new trustee appointed and the surviving trustee was directed to turn over to the new trustee the trust estate and also file an account. The new trustee filed a petition representing that some of the investment securities shown by the account of the surviving trustee were improper investments of the trust estate; that the testamentary trustees through other improper investments had lost a part of the principal of the trust estate; and declined to take certain other securities.

Inasmuch as the statute vested in the succeeding trustee by operation of law without transfer all the trust estate and property, without any order or further action by the court, or · the retiring trustees (*see section* 27, *chapter* 117, *of the Revised Code of* 1915, *page* 1759), the Chancellor ordered the new trustee to take and receive all the trust securities and to take such proceeding as was necessary to protect the trust estate. Whereupon the trustee, instead of filing a bill presented a petition to the Chancellor setting forth that there were losses on certain investments and the investment of some of the trust estate in improper securities, and asked that the surviving trustee and the estate of the late trustee be surcharged with the losses arising from the improper investments.

To this petition the retiring trustee and the administrator of the deceased trustee appeared and filed separate answers. One of the points raised by the answers was that the beneficiary for life and other beneficiaries were not made parties, and for this proposition *Story's Equity Pleading* (6th Ed.) § 207, and *Martin v. Purnell*, 4 *Del. Ch.* 249, were cited. The Delaware case cited was a bill by some of the beneficiaries against the trustee to enforce his removal from the trusteeship for misconduct and fraud, and for a sale of the trust property and a distribution of the proceeds, which sale and distribution should be made either by a substituted trustee to be appointed,

or by some other person. It was held in that case, properly, that all the beneficiaries should be parties, and anyone who refused to join as co-complainant should be joined as co-defendant in order that they should be heard and their rights concluded by the decree. But the case under consideration is a different one.

It is well recognized that though, in general, trustees and beneficiaries are both necessary parties in suits against either, there is a well established exception where the suit is brought by the trustee to recover trust property, or to recover for breaches of trust committed by former trustees. 1 *Whitehouse Equity Pleading*, 126, and numerous citations, including *Stewart, et al., v. Insurance Co.*, 53 *Md.* 564; *Stevens v. Bosch, et al.*, 54 *N. J. Eq.* 59, 33 *Atl.* 293; *Hunter v. Robbins*, (*C. C.*) 117 *Fed.* 920, 922; *Woodward v. Davidson*, (*C. C.*) 150 *Fed.* 840, 844; *Ashton v. Atlantic Bank*, 3 *Allen* (*Mass.*) 217; *In re E. T. Kenney Co.*, (*D. C.*) 136 *Fed.* 451.

In the case of *Ashton v. Atlantic Bank*, 3 *Allen* (*Mass.*) 217, which was similar to the case under consideration, the court said:

"The trustee has no adverse claims against the *cestuis que trust*, the object of this bill being more effectually to secure their interests. The trustee fully represents them, and has power to enforce this claim. The case does not fall within the general rule in equity that in suits by or against trustees the *cestuis que trust* must be made parties."

It is true also that though a successor in a trust is not accountable or liable for the defaults or misconduct of his predecessor, yet he must obtain all the property that belongs to the trust, and for this purpose should investigate the acts and conduct of his predecessor and recover from him whatever belongs to the trust estate. *Loring's Trustees Handbook, pp.* 80, 83, 85 *and* 121; *Stewart v. Insurance Co.*, 53 *Md.* 564; *Bennett v. Pierce*, 188 *Mass.* 186, 74 *N. E.* 360; *Kendall v. De Forest, et al.*, 101 *Fed.* 167, 41 *C. C. A.* 259.

The conclusion, therefore, is that it was the duty of the new trustee as the representative of the beneficiaries to protect

the trust estate, and obtain from the preceding trustees, or their representatives, whatever is necessary to reimburse the estate for losses which have occurred by the fault of such predecessors in office, and that the succeeding trustee is the only proper party to such proceeding. The objection to the petition on account of parties is overruled.

Let an order be entered accordingly.