BLANCHE SADOWSKI,

*vs.*

VICTORIA RYKACZEWSKI, LOUIS DEPRISCO and ROSALIE DEPRISCO.

*New Castle, July* 13, 1927.

*George W. Lilly* and *John Biggs, Jr.*, for complainant.
*Leonard E. Wales*, for defendants.

THE CHANCELLOR. The first ground of demurrer is that the bill is defective in that John Lenkiewicz, Leona Buell and Frank Lenkiewicz are not joined as parties. This ground is well taken. The suit is against the holders of legal title to the land and seeks to establish a trust therein for the benefit of the complainant and her four brothers and sisters. Three of the alleged beneficiaries are not made parties. Being interested in the subject-matter of the suit, all of them should be joined as parties to the end that they may be heard, the controversy conclusively determined and all further litigation thus prevented. If the absent parties will not join as complainants, they may be made defendants. *Martin, et al., v. Purnell, Ex'r., et al.,* 4 Del. Ch. 249.

The second ground of demurrer is that the bill in its allegations of fraud is insufficient. Objection on this score does not appear to be tenable. The bill seeks to establish a trust by parol in that title was agreed to be held by the defendant Rykaczewski (formerly Victoria Lenkiewicz) for the use of her five children. Her agreement in this behalf is charged to have been made with an intent at the time to hold the land for her own use. This agreement, thus made *mala fide*, is said by the bill to have constituted a fraud by which the then husband of the defendant Rykaczewski was induced to have the title placed as it was in himself and wife as tenants by the entirety. I do not see how the allegation touching the fraud out of which the alleged trust arises can be made more specific. The reference in the bill to a fraudulent inducement by which the De Priscos obtained title from their co-defendant, Rykaczewski, is in general terms and if the relief prayed for were bottomed on that alleged fraudulent act, it would be defective as alleging a mere legal conclusion with no allegation of facts to support it. But the complainant is not aggrieved by any fraud that may have been thus perpetrated by two of the defendants upon the third. Such fraud if it existed is immaterial to the case presented by the complainant, which is of a fraud of another kind done to her. The demurrer, however, does not call upon me for an order dealing with this immaterial matter.

The third ground of demurrer is that the complainant has been guilty of such laches as to defeat her right to relief. It is argued that since October 19, 1917, the date of her father's death, she has slept on her rights with full knowledge, actual and constructive, that her mother was dealing with the property as her own. Looking to the bill as the sole source of the facts to which the contentions of the demurrer must of course be applied, there is a total lack of any allegation showing actual knowledge on the part of the complainant concerning her mother's dealing with the property as her own. The utmost in the way of knowledge that the complainant can be charged with is the constructive knowledge which comes from the public land records of the county. Assuming, but not deciding, that such constructive knowledge would constitute a sufficient support for the charge of laches, this is to be said that it does not appear that the deeds and mortgages by which it is argued the repudiation of the alleged trust is evidenced, have been recorded or, if recorded, when. In this state of the matter it is manifest that nothing with respect to laches can at this stage be safely asserted. The ground of demurrer under this head is not, therefore, well founded. The defendants may urge the point later on in the progress of the cause if they desire.

The fourth objection urged by the demurrer is that the complainant is estopped by her conduct from all right to the relief asked. The alleged estoppel is argued as resting on the settlement agreement by which the Chancery suit between the defendant Rykaczewski and the defendants, the De Priscos, was disposed of. Inasmuch as the complainant was not a party to that agreement and is not shown by the bill to have had any knowledge of it, it is evident that the point raised under the head of estoppel merits no discussion. The argument of the defendants upon the point of estoppel overlaps somewhat the argument by which laches is sought to be shown. In so far as the alleged laches can bear on the matter, I need do nothing more than refer to what has already been said under that head.

The fifth and last ground of demurrer is that the bill is without equity. The argument in support of this point seems to rest on the maxim that where the equities are equal the law will pre-

vail. I fail to see how that well recognized principle can have any application here.

The demurrer will be sustained on the ground only that parties are not joined who should be joined, and leave will be granted, if asked, to amend the bill accordingly.