## S. A. ROBERTS V. E. SACRA, GUARDIAN.

1. Guardian for minor heirs may sue on a promissory note payable to the ancestor of his wards on showing that they are the only heirs of the payee and no administration on his estate.

2. Defendant having pleaded in reconvention and asked affirmative action of the court against the wards of the plaintiff, will not be heard to deny the representative character of the plaintiff.

3. And in such pleadings the production of the note is sufficient evidence to entitle plaintiff to recover, and a demurrer to the evidence in such case should be overruled.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

This is an action upon a promissory note, executed by S. A. Roberts to E. M. Hudson, for fifteen hundred dollars. E. Sacra, the plaintiff, alleges the execution of said note, the death of Hudson, and that his only heirs are Sumner, Isaac, Frederick and William Hudson; that the plaintiff is their guardian, and that the note is due and unpaid, etc.

The defendant plead general denial; that Sacra was not guardian of said heirs (this plea not under oath); facts impeaching the consideration of the note; that the note was given for slaves, warranted to be slaves for life; that

said slaves have become free; and in reconvention setting up the damages from breach of warranty; also an account for legal services rendered by defendant for the ancestor of the minors, asking judgment in reconvention.

Upon the trial plaintiff read in evidence the note declared on, and closed.

The defendant demurred to the evidence; the plaintiff joined in demurrer, and the court thereupon rendered judgment for the defendant.

From the judgment appeal is taken by the plaintiff.

*Joseph Bledsoe*, for appellant, cited 13 Texas, 359, Booth v. Cotton; 1 Douglass, 218, Cost v. Berkbeck; 5 Johns., 1, Lewis v. Few; 1 Johns., 245, Patrick v. Hallett & Boone; 28 Texas, 623, Rector v. Duval; 1 Littell, 348, Middleton v. Commonwealth; 7 Monroe, 610, Peeble v. Porter; 12 Texas, 116, Cheatham v. Riddle; 12 Texas, 139, Clifton v. Tilley; 4 Texas, 338, Hopkins v. Donoho; 32 Texas, 188, Tobler v. Stubblefield; and 35 Texas, 761, Spann v. Glass.

*Throckmorton & Brown*, for appellee, cited 19 Texas, 172, Ross v. Smith; 32 Texas, 800, Howard v. Blythe.

WALKER, J.—The attorneys for both parties in this case appear to apprehend the reversal of the judgment, apparently leaving to us the only question, whether we will reform and render, or reverse and remand.

We prefer the latter. The appellee demurred to the appellant's evidence in the District Court, and the case went off upon this demurrer. The only questions properly before the court, then, were: Did the defendant owe the debt? and did the note sufficiently prove it? There was no question opened as to the pleadings, or the admissibility of the evidence. The defendant, in the court below, did not and could not controvert the right of the plaintiff

to recover, in his fiduciary capacity as the guardian of the minor children of E. M. Hudson, after he had filed his cross-action, praying for affirmative relief against the plaintiff in his fiduciary capacity. We think the District Court erred in sustaining the demurrer to the evidence. The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.