**R. A. Wright et al., Appellees, v. Cosmopolitan Life Insurance Association, Appellant.**

**Gen. No. 5216.**

1. GUARDIAN AND WARD—*when former may sue.* A guardian may in his own name as guardian sue for and recover personal property and demands of his ward.

2. COMITY—*construction given to statutes of foreign state.* The courts of Illinois are committed to the doctrine of accepting the decisions of courts of a foreign state in construing and applying the statutes of such foreign state.

3. JUDGMENTS—*when rendered in foreign state sustained.* If by the law of a state in which a judgment was rendered a special appearance at one term of court becomes a general appearance

at the next term and thereby precluding an attack upon the jurisdiction of the court, a judgment rendered pursuant to such a statute will be sustained in this state.

Action of debt.    Appeal from the Circuit Court of Stephenson county; the Hon. R. S. FARRAND, Judge, presiding.    Heard in this court at the April term, 1909.    Affirmed.    Opinion filed March 11, 1910.

**Statement by the Court.**    In 1900, the Royal Tribe of Joseph, a fraternal beneficial association organized under the laws of the state of Missouri, doing business in that and other states, issued to Henry S. Wright, of Delta county, Texas, a certificate of membership by the terms of which he was to pay $4.80 monthly during his life and at his death the association was to pay to his heirs $3,000.    In 1903, the Cosmopolitan Life Insurance Association, a life insurance company organized under the laws of Illinois, assumed the liabilities of the Royal Tribe of Joseph and issued to Wright a certificate to that effect.

At the March term, 1908, of the Circuit Court of Stephenson county, R. A. Wright, guardian of the estate of Ida May Wright, a minor, and Nannie Sheffield, joined by her husband, N. E. Sheffield, brought suit in an action of debt against the Cosmopolitan Life Insurance Association upon a judgment of the District Court of Delta county, Texas, recovered June 4, 1907.

The defendant filed three pleas averring that it was not a resident of the state of Texas but was a resident of Illinois and was not found in Texas; that it was not served with process and did not appear to defend said suit nor authorize anyone to appear for it, save that, by its attorney, it appeared specially and moved to quash said writ of summons, expressly limiting its appearance for that purpose, and upon the determination of said motion its special appearance was concluded and it took no further part in said suit, and said judgment in the District Court of Delta county, Texas, was null and void.

Plaintiffs replied to the pleas. The first replication avers that the defendant did transact business in Texas and that J. R. Riggs upon whom service of process was had was an agent of the defendant. By the second replication plaintiffs aver that upon the return day of the writ in the District Court of Delta county, defendant moved to quash the writ because it was a foreign corporation, and had no agent in Texas authorized to represent it, and that Riggs was never an agent of the defendant, and that plaintiff replied to said motion that the defendant for two years before such service was doing business in Texas through Riggs, its local agent, who was authorized to represent it, and that the District Court found Riggs was its local agent and ordered defendant to plead to the merits, etc. The third replication avers that by section 1,223 of the Statutes of Texas, it is provided that service on a corporation might be made upon any local agent within the state; that by section 3,093 of said statutes it is provided that any person * * * who shall collect or transmit any premium of insurance * * * for or with any insurance company other than for himself shall be held to be the agent of the company for which he acted. Plaintiffs aver that Riggs, with the knowledge and consent of the defendant, received from divers persons in Texas moneys on account of policies of insurance or renewals thereof made by said defendant in Texas for and with said defendant, other than for himself, by reason whereof said Riggs was then and there the agent of defendant, etc. The fourth and sixth replications pleaded that defendant ought not to be permitted to plead the pleas aforesaid, because they say that the defendant entered its special appearance and motion to quash the writ as aforesaid, to which the plaintiff replied as aforesaid and issue was joined and on a hearing before the court, the court entered its findings that at the time of and before the issuance and service of citation J. R. Riggs, the person on whom the writ

of citation was served, was the local agent and representative of defendant company within said county of Delta, State of Texas, and that said defendant did and transacted business within said county and state through said J. R. Riggs, as its local agent; and thereafter on motion of plaintiff said cause was continued until the next term, when final judgment was entered. The fifth replication pleads that the statute of Texas by section 1,243 provides, that where citation or service of summons be quashed on motion of the defendant the case may be continued for the term but the defendant shall be deemed to have entered his appearance to the succeeding term, and avers that suit was begun in Delta county, Texas, by plaintiffs against the defendant and process issued and served, and that upon the return day the defendant by its general counsel entered its special appearance and motion to quash said writ, and that plaintiffs filed a replication to said motion, and thereafter on a hearing the court overruled the plea of defendant, and that the cause was on motion continued, and thereby the special appearance became a general appearance, etc. The defendant demurred to the several replications. The demurrer was overruled and the defendant abiding by its demurrer, the court heard the evidence and returned judgment against the defendant for $4,196. The defendant appeals to this court.

A. G. MURRAY, J. H. STEARNS and OSCAR R. ZIPF, for appellant.

ROBERT P. ECKERT, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Each replication attempted to answer all the pleas of the defendant; and the third and fifth replications set out sections of the statutes of Texas relied upon and the proceedings in the Texas court in *haec verba*, with appropriate averments. If any of the replications

was a legal answer to all the pleas then this judgment must be affirmed.

Two questions are raised by counsel for appellant in their brief and argument. It is first contended that this suit could only be maintained so far as Ida May Wright is concerned in the name of Ida Wright by her guardian, and not by R. A. Wright guardian. There is nothing in the pleadings which properly raises the question as to whether this suit could be maintained for the interest of Ida May Wright in the name of R. A. Wright, guardian of the estate of Ida May Wright, a minor. The suit is between the same parties as it was in the state of Texas. Appellant should have raised the question in the Circuit Court so that appellees might have had an opportunity to reply the statute law of Texas, section 1,197 of which provides, that a suit may be brought and maintained by a guardian, either by a guardian for the ward or by the ward in the name of the guardian, and a suit either way gives the court jurisdiction. Roberts v. Sacra, 38 Texas 580. By section 8 of chapter 47 of the Statutes of Illinois of 1845, a "guardian shall have power to demand, sue for and receive all moneys belonging to their wards." By section 17 of chapter 64 of the present Statutes of Illinois, it is provided "the guardian shall settle all accounts of his ward and demand and sue for, and receive in his own name as guardian, all personal property of and demands due the ward * * *" This statute was construed in Muller v. Benner, Guardian, 69 Ill. 108, where it was held that in matters affecting real estate the suit must be in the name of the ward, but where the suit was concerning the personal estate, the proper form of the action is for the guardian as such to maintain the action in his own name as guardian. The language of the statute is plain and unambiguous and the legislature must be held to have intended to mean what it has plainly expressed. The second question raised is, do the replications answer the pleas and in legal form aver

that there was such service of process or such appearance by the defendant in the state of Texas that the District Court of Texas acquired jurisdiction over the defendant.

The first and second replications aver that the defendant was transacting business in the state of Texas by one J. R. Riggs upon whom service of summons was had. The third replication pleads a statute of Texas, which provides that service of process may be made upon a corporation by serving any local agent of the corporation within the state, and pleads another section of the statute which provides that any person who shall collect and transmit any premiums of insurance, other than for himself for any insurance company, shall be held to be an agent of such company, and then averred that J. R. Riggs with the knowledge and consent of defendant collected premiums for the defendant and that service was had on him.

The fifth replication pleads section 1,243 of the statutes of Texas which provides that if a defendant appear specially for the purpose of quashing the writ of summons such appearance shall be deemed a general appearance to the succeeding term although the writ be quashed, and that the defendant did appear in the Texas court and move to quash the writ of summons and that the case was continued to the next term, when by virtue of the statute the special appearance became a general appearance.

The appellant contends that the provision of the Texas statutes pleaded in the fifth replication is null and void, and that the state of Texas could not pass a law which made a special appearance at one term a general appearance to another term; that such statute deprives the defendant of property without due process of law. The courts of Illinois hold and are committed to the doctrine of accepting the rulings of courts of a foreign state in construing and applying the statutes of such foreign state. Firemen's Ins. Co. v. Thompson, 155 Ill. 204; Britton v. Chamberlain,

234 Ill. 246.   The Supreme Court of Texas (York v. State, 73 Texas 651; Pace v. Potter, 85 Texas 473; Aetna Life Ins. Co. v. Hanna, 81 Texas 487) has sustained and construed section 1,243 of the statutes of Texas, and holds that a special appearance merely for the purpose of quashing a service of summons is made, by the laws of Texas, a general appearance for the succeeding term of court, whether the motion is sustained or overruled.   The York case was taken to the Supreme Court of the U. S. (York v. State of Texas, 137 U. S. 15) where it was affirmed, the court holding that legislation by a state simply forbidding the defendant to come into court and challenge the validity of service upon him in a personal action without surrendering himself to the jurisdiction of the court, does not deprive him of liberty or property within the prohibition of the Fourteenth Constitutional Amendment.   This court must adopt and enforce the construction of the Texas statute given to it by the Texas courts, and hold that by the entering of a special appearance to question the service there was a general appearance of defendant at the succeeding term, and that the Texas court had jurisdiction over the defendant to render the judgment which was the cause of action sued upon in this suit. The defendant was under no obligation to have appeared by counsel in the Texas court to question the service, if it in fact was not doing business there and had no agent in that state, but when it went into a court of that state to test the question of service of summons under a statute of that state it made itself subject to the law of that state.   The demurrer was properly overruled to the fifth replication. . The plaintiff having a single good replication to all the pleas was entitled to judgment.   We do not deem it necessary to discuss the remaining replications, although we are satisfied the demurrer to the second and third was properly overruled.

*Affirmed.*