# MEXICAN CENTRAL RAILWAY COMPANY *v.* ECKMAN.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.**

No. 124. Submitted December 17, 1902.—Decided January 5, 1903.

1. The jurisdiction referred to in the first subdivision of the fifth section of the judiciary act of March 3, 1891, is the jurisdiction of the Circuit and District Courts of the United States as such; and when a case comes directly to this court under that subdivision, the question of jurisdiction alone is open to examination.
2. The general rule is that the jurisdiction of the Federal courts depends not on the relative situation of the parties concerned in interest, but on the relative situation of the parties named in the record.
3. It appears from the statutes of Texas and the decisions of the highest court of that State that a general guardian has the legal right to bring a suit in the state courts of Texas in his own name; it follows that a citizen and resident of the Western District of Texas, who has been duly appointed by the proper court of Texas the guardian of the person and estate of a minor, whose father and mother are residents, citizens and inhabitants of another State, and are not and never have been residents, citizens or inhabitants of Texas, may bring an action in his own name in the United States Circuit Court for the Western District of Texas against a corporation of another State, as the jurisdiction of the Circuit Court is dependent on the citizenship of the guardian and not on the citizenship of the ward.

THIS was an action brought in the Circuit Court of the United States for the Western District of Texas by J. W. Eckman, a citizen and resident of that district, as guardian of Alfonso Huesselmann, a minor, against the Mexican Central Railway Company, a corporation of Massachusetts, to recover damages for injuries sustained by him in the Republic of Mexico through the negligence of the company, in whose employment he then was. The complaint set out certain sections of the constitution, of the penal and civil codes, and acts of Congress and regulations thereunder, of Mexico, and averred that, " by virtue of the general principles of right and justice, and by virtue of the laws of Mexico hereinbefore set forth,"

plaintiff had a right of action in Mexico, and that the same existed in the United States; and also that the acts of negligence complained of were wrongful and actionable in the United States and in the State of Texas, as well as in the Republic of Mexico. Defendant filed a plea in abatement to the effect that Huesselmann was not then, or at the time of the infliction of the injuries, a citizen or resident of the State of Texas, but that he and his parents were citizens and residents of the State of Illinois; and that defendant was a resident and citizen of Massachusetts, and had not waived its right to be sued there, which right it pleaded, and asked that the action be dismissed. The plea was overruled, and defendant filed an answer containing seven exceptions or pleas to the jurisdiction, an exception to the complaint for insufficiency, and a general denial. All of the pleas were overruled, and the case was tried before a jury, a verdict rendered in plaintiff's favor, and judgment entered thereon. Thereupon a writ of error was allowed from this court on a certificate that the following questions of jurisdiction arose:

" First. That Alfonso Huesselmann, at the time of the filing of this suit, and now being a minor under twenty-one years of age, and his father and mother both being now alive, and at the time of the filing of this suit and now being residents, citizens and inhabitants of the State of Illinois, and never having been residents, citizens and inhabitants of the State of Texas, nor the Western District of Texas, and the defendant, The Mexican Central Railway Company, Limited, being incorporated under and by virtue of the laws of the State of Massachusetts, and at the time of the filing of this suit, and now, being a resident, inhabitant and citizen of said State of Massachusetts, and never having been incorporated under the laws of the State of Texas, and was not at the time of the filing of this suit a resident, inhabitant or citizen of the State of Texas or of the Western District of Texas; that said J. W. Eckman, being guardian of the person and estate of said Alfonso Huesselmann at the time of the filing of this suit, and being such now, and being a resident, inhabitant and citizen of the State of Texas and of the Western District of Texas, now,

and at the time of the filing of this suit; has this court jurisdiction to try said cause, and does the citizenship of said guardian, J. W. Eckman, confer jurisdiction on this court, or does the citizenship of the minor and his parents control so as to defeat the jurisdiction of this court?

"Second. Whether or not this court has jurisdiction to try and determine said suit, where the minor, Alfonso Huesselmann, and defendant, Mexican Central Railway Company, Limited, are not citizens of this State and district, and where the cause of action arose in the Republic of Mexico, in which republic the contract of service was made and the services thereby contemplated were to be performed?

"Third. Whether or not this court has jurisdiction to try and determine this suit under the laws of Mexico as pleaded and proved in this case, in so far as such laws give rights that are to be determined by successive suits, give the right to extraordinary indemnity, considering the social position of the injured party, and in so far as the same are vague, indefinite and dissimilar to the laws of our county and contrary to our policy?

"Fourth. Where plaintiff's cause of action arose in the Republic of Mexico, and the rights are to be determined by the laws of said republic, and where defendant has continuously kept its property and operated its road in said republic, has this court jurisdiction to hear and determine this cause in the absence of any reason shown in the pleading or proof why plaintiff did not bring his suit in the Republic of Mexico?

"Fifth. Where, according to the laws of the Republic of Mexico, no civil liability exists unless the acts that give rise to the civil liability must be found to be a violation of the criminal laws of Mexico, is the enforcement of such liability penal in its nature, and can this court determine the guilt of defendant thereunder, and adjudicate the rights of the parties based upon the criminal laws of said republic?"

*Mr. Eben Richards, Mr. Addis B. Brown* and *Mr. Alexander Britton* for plaintiff in error.

*Mr. Millard Patterson* for defendant in error.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

This case is brought directly from the Circuit Court to this court under the first subdivision of the fifth section of the judiciary act of March 3, 1891, providing that that may be done: " In any case in which the jurisdiction of the court is in issue; in such cases the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision." It must be regarded as settled that the jurisdiction here referred to is the jurisdiction of the Circuit or District Courts of the United States as such, *Smith* v. *McKay*, 161 U. S. 355; *Blythe* v. *Hinckley*, 173 U. S. 501; that the whole case is not open to us, but only the question of jurisdiction, *Horner* v. *United States*, 143 U. S. 570, 576; *United States* v. *Jahn*, 155 U. S. 109, 112; and that review by certificate is limited to the certificates by the Circuit or District Courts, made after final judgment, of questions made as to their own jurisdiction, and to the certificates by the Circuit Courts of Appeals of questions of law in relation to which the advice of this court is sought as therein provided. *United States* v. *Rider*, 163 U. S. 132.

Counsel for plaintiff in error condenses the propositions relied on into these : (1) That " the citizenship of the ward, the actual plaintiff, not that of the guardian, the nominal plaintiff, controls;" (2) that " the laws of Mexico as pleaded and proved and which are relied on to support this case are so vague and indefinite and so dissimilar to the laws of Texas as to be incapable of enforcement in our courts, and are inconsistent with the statutes and public policy of Texas;" and (3) that these laws " are penal in their character and such as should be given no extraterritorial effect."

But apart from the question of jurisdiction in respect of citizenship, it is apparent that the jurisdiction of the Circuit Court as a court of the United States was not put in issue, for the other contentions were matters on the merits, and this judgment to the contrary is not void but is only open to be attacked for error, while, in any aspect, the objections applied to all courts of this country and not particularly to the Federal courts.

And if the jurisdiction of the Circuit Court was invoked solely on the ground of diverse citizenship, the case should have been taken to the Circuit Court of Appeals for the Fifth Circuit, to which court previous similar cases have been carried, and by which the questions suggested here have been dealt with. *Evey* v. *Mexican National Railway Company*, 52 U. S. App. 118; *Mexican National Railway Company* v. *Marshall*, 34 C. C. A. 133.

These matters, however, are not properly before us in this case, and we intimate no opinion upon them.

The question for us to determine is whether the jurisdiction of the Circuit Court can be sustained through the citizenship of the guardian.

It is admitted that Eckman was duly appointed guardian of both the person and estate of Huesselmann by the proper court of Texas thereto empowered, and that he was a citizen and resident of the Western District of Texas.

Under the act of March 3, 1887, c. 373, as corrected by that of August 13, 1888, c. 866, actions may be brought in any district in which either the plaintiff or the defendant resides. We have held that a corporation incorporated in one State only cannot be compelled to answer in a Circuit Court of the United States held in another State, to a civil suit, at law or in equity, brought by a citizen of a different State." *Shaw* v. *Quincy Mining Company*, 145 U. S. 444. But that is not this case, as here the action was brought by a citizen of Texas in the district of his residence.

The question is whether under the laws of Texas a guardian can sue in his own name to recover damages for injuries sustained by the ward, and it is unaffected by the permanent domicil of the ward. *Hoyt* v. *Sprague*, 103 U. S. 613; *New Orleans* v. *Gaines' Administrator*, 138 U. S. 595, 606; *Delaware County* v. *Diebold Safe Company*, 133 U. S. 473, 488.

It is true that where a State or one of its officials is a mere figurehead, a nominal party, to a suit on a sheriff's or administrator's bond, or an action is instituted in the name of a United States marshal on an attachment bond, the real party in interest is taken into account on the question of citizenship, not-

withstanding the general rule that the jurisdiction of the Federal courts depends, not on the relative situation of the parties concerned in interest, but on the relative situation of the parties named in the record. But those are instances of merely formal parties, whose names are used from necessity, and, as said in *New Orleans* v. *Gaines' Administrator*, by Mr. Justice Bradley, " we have repeatedly held that representatives may stand upon their own citizenship in the Federal courts irrespectively of the citizenship of the persons whom they represent,—such as executors, administrators, guardians, trustees, receivers, etc. The evil which the law was intended to obviate was the voluntary creation of Federal jurisdiction by simulated assignments. But assignments by operation of law, creating legal representatives, are not within the mischief or reason of the law."

If in the State of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian *ad litem* or next friend. He is liable for costs in the event of failure to recover and for attorneys' fees to those he employs to bring the suit, and in the event of success, the amount recovered must be held for disposal according to law, and if he does not pay the same over to the parties entitled, he would be liable therefor on his official bond.

The Revised Statutes of Texas provide, Sayles' Civ. Stat. of 1897:

"Art. 2623. The guardian of the estate is entitled to the possession and management of all property belonging to the ward; to collect all debts, rents, or claims due such ward; to enforce all obligations in his favor; to bring and defend suits by or against him; but in the management of the estate the guardian shall be governed by the provisions of this title.

"Art. 2624. The guardian of both person and estate has all the rights and powers, and shall perform all the duties of the guardian of the person and of the guardian of the estate."

"Art. 2627. The guardian of the estate shall use due diligence to collect all claims or debts owing to the ward, and to

recover possession of all property to which the ward has a title or claim; provided, there is a reasonable prospect of collecting such claims or debts, or of recovering such property; and if he neglects to use such diligence he and his sureties shall be liable for all damages occasioned by such neglect."

In *Roberts* v. *Sacra, Guardian,* 38 Texas, 580, it was ruled that the guardian for minor heirs might sue in his own name on a promissory note payable to the ancestor of his wards on showing that they were the only heirs of the payee, and that there was no administration on the estate.

In *Houston & Texas Central Railway Company* v. *Bradley, Guardian,* 45 Texas, 171, 176, it was held that under a law authorizing suit for death by wrongful act, which provided that actions thereunder should be " for the sole and exclusive benefit of the surviving husband, wife, child, or children, and parents of the person whose death shall have been so caused, and may be brought by such entitled parties, or any one of them," the suit might properly be brought in his own name by the guardian of the estate of minor children of the person whose death was caused by such act, and the court said : " It is not regarded as material whether the suit is brought in the name of the guardian for his ward or in the name of the ward by his guardian. By the laws of Texas, the guardian of the person is entitled to the charge and control of the person of the ward, and the guardian of the estate is entitled to the possession and management of the property belonging to the ward, and to collect all claims and debts due him, to enforce all obligations in his favor, and to bring and defend suits by or against him."

And see *March* v. *Walker, Guardian,* 48 Texas, 372, where Walker sued as guardian of one of three children, and as next friend of the two others, and attention was called in respect of the two to the then statute, subsequently repealed, providing for the appointment of a special guardian to prosecute suits; and *Gulf &c. Railway Company* v. *Styron, Next Friend,* 66 Texas, 421, in which the action had been brought " by W. W. Styron, as next friend of Millie Styron, a minor," and it was decided that it was not necessary " that the pleadings must

show, in so many words, that the action is brought by the minor by next friend," although cases so ruling could be found.

We are unable to hold that the Circuit Court erred in assuming that this guardian had the legal right to bring the action in his own name, and it is on his citizenship and not on the citizenship of the ward that the jurisdiction of the Circuit Court depended.

*Judgment affirmed.*