ESTATE OF A. F. T. COOPER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12634. Promulgated November 8, 1927.

*A. W. McCullough, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

OPINION.

SIEFKIN: The pertinent provisions of the Revenue Act of 1918 are as follows:

SEC. 210. * * * There shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax at the following rates * * * (b) For each calendar year thereafter [after 1918], 8 per centum of the amount of the net income in excess of the credits provided in section 216: *Provided,* That in the case of a citizen or resident of the United States the rate upon the first $4,000 of such excess amount shall be 4 per centum.

SEC. 216. That for the purposes of the normal tax only there shall be allowed the following credits * * * (c) In the case of a single person, a personal exemption of $1,000 ' * * *.

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—(1) Income received by estates of deceased persons during the period of administration or settlement of the estate * * * (c) In cases under paragraph (1) * * * of subdivision (a) the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary * * *. In such cases the estate or trust shall, for the purpose of the normal tax, be allowed the same credits as are allowed to single persons under section 216.

SEC. 1. * * * The term "taxpayer" includes any person, trust or estate subject to a tax imposed by this Act * * *.

SEC. 200. * * * The term "fiduciary" means * * * administrator * * * or any person acting in any fiduciary capacity for any person, trust or estate; * * *

We have no doubt that the Revenue Act of 1918, applicable here, indicates a clear intent by Congress to treat an estate as a separate taxable entity. When we further consider those cases in the Federal courts in which diversity of citizenship has been held uniformly to depend upon the status of the trustee, executor, administrator, guardian, etc., rather than the status of their principals, whether decedents, heirs, or other beneficiaries (as *City of New Orleans* v. *Whitney,* 138 U. S. 595; *Mexican Central Ry. Co.* v. *Eckman,* 187 U. S. 429, 434; *Susquehanna & Wyoming Valley Railroad & Coal Co.* v. *Blatchford,* 11 Wall. 172) we have no hesitation in holding that the petitioner, in this case, is not a nonresident alien of Great Britain and Ireland and that the deficiency asserted on that basis must fall. See also *Merchants Loan & Trust Co.* v. *Smietanka,* 255 U. S. 509, 516, which holds, under the Acts of 1916 and 1917, that in the case of trusts or estates the trustee, administrator or executor is the taxable person.

*Judgment will be entered for the petitioner.*

Considered by TRAMMELL, MORRIS, and MURDOCK.