## MERRITT v. GREENBERG.

No. 5911.

District Court, E. D. New York.

Sept. 6, 1933.

Jacob Bromberg and Richard M. Cantor, both of New York City, for plaintiff.

Caverly, Barton & O'Gorman, and Sydney Weitzer, all of New York City, appearing specially for Sam Greenberg, for the purpose of this motion only.

CAMPBELL, District Judge.

This is an action brought by an infant, by his guardian ad litem. Jurisdiction depends solely on diversity of citizenship. The residence and citizenship of the infant is the state of New York. The guardian ad litem is an alien. The residence and citizenship of the defendant is the state of New York. This is a motion to dismiss for lack of jurisdiction, on the ground that the parties in interest are residents and citizens of the same state, namely, the state of New York.

 In an action brought by a guardian who under the laws of the state may sue in his own name, the residence and citizenship of the guardian controls, and not that of the ward. Mexican Central Railway Co. v. Eckman, 187 U. S. 429, 23 S. Ct. 211, 47 L. Ed. 245.

 In an action brought by an infant, by a guardian ad litem, the citizenship of the infant, not that of the guardian ad litem, is controlling on the question of diversity of citizenship. Woolridge v. McKenna (C. C.) 8 F. 650; Toledo Traction Co. v. Cameron (C. C. A.) 137 F. 48; Ruckman v. Palisade Land Co. (C. C.) 1 F. 367; Wilcoxen v. Chicago, B. & Q. R. Co. (C. C.) 116 F. 444.

 This suit is not brought by a guardian who in her own right might bring the suit, but is brought by the infant, by a guardian ad litem, who is appointed solely for the purpose, and has no right in her own name to bring the suit, and the infant and not the guardian ad litem is the real party in interest.

Under the laws of the state of New York, the infant and not the guardian ad litem is the real party in interest. This is clearly shown by section 210 of the Civil Practice Act of the State of New York, which reads as follows: "Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted." See, also, section 201, which provides as follows: "Where an infant has a

right of action he is entitled to maintain an action thereon, and the same shall not be deferred or delayed on account of his infancy." See, also, section 202, so much of which as is necessary for consideration reads as follows: "When an infant is a party he must appear by a guardian ad litem. * * * "

The plaintiff and defendant being residents of the same state, the court is without jurisdiction. The plaintiff's remedy must be found in the state court.

Motion granted; complaint dismissed.