**MARTINEAU v. CITY OF ST. PAUL et al.**

**Civ. A. No. 1514.**

District Court, D. Minnesota,
Third Division.

July 30, 1948.

Wm. H. DeParcq and Joseph P. Johnson, both of Minneapolis, Minn., for plaintiff.

Bruce J. Broady, Corp. Counsel, and Marshall F. Hurley, Asst. Corp. Counsel, both of St. Paul, Minn., for City of St. Paul.

Doherty, Rumble, Butler & Mitchell, of St. Paul, Minn., for Northern-States Contracting Co. and others.

No appearance for defendant McDermott Realty Co.

DONOVAN, District Judge.

Plaintiff, a citizen of Illinois, brings this action as general guardian of Daniel Joseph Murphy, a minor, to recover damages for personal injuries and incidental expense sustained by his ward, and attributed to the negligence of the defendants. All of the defendants, with the exception of McDermott Realty Company, moved to dismiss on the ground, among others, that this court lacks jurisdiction over the parties.

A brief resume of the facts revealed by the complaint discloses that at the time of

the commencement of this action the minor was thirteen years of age. That from November 7, 1935, to February 17, 1937, defendant Northern-States Contracting Company was engaged in constructing a tunnel in the City of St. Paul, Minnesota, and for that purpose stored dynamite caps and explosives in a building owned by defendant McDermott Realty Company, which building was partially located upon a public street of defendant City of St. Paul. That following completion of the tunnel, said Contracting Company allowed certain dynamite caps to remain in said building, and that on July 22, 1947, plaintiff's ward, while playing with other children in and about said building, was attracted by said dynamite caps and prompted by "childish curiosity, * * * threw said * * * caps into a bonfire", to his damage.

Papers served and filed by the moving parties disclose that on or about August 14, 1947, a claim for damage on account of injuries to said minor was filed by "James Vincent Murphy, father and natural guardian of Daniel Joseph Murphy, a minor", and describes the accident for which the action herein was commenced. That subsequent to the filing of said claim, and on February 10, 1948, said James Vincent Murphy and Virginia Marie Murphy, the minor's mother, petitioned for appointment of plaintiff as general guardian, and by order of the Probate Court of Ramsey County, Minnesota, dated February 13, 1948, said petition was granted. This action was then brought in the guardian's name.

Subsequent to the commencement of the instant case, an identical cause of action was set forth in a complaint served on the same defendants herein, wherein "Daniel Joseph Murphy, a minor, appearing by Robert J. Martineau, his general guardian, and by James V. Murphy, his father and natural guardian" are described as plaintiffs.

The motion for a dismissal, as stated by defendant City of St. Paul (1) is directed solely to the ground that this court has no jurisdiction because there is no diversity of citizenship, or (2) the interest of the plaintiff is collusive and for the sole purpose of investing jurisdiction in a federal court.

The principal question raised is that of jurisdiction of this court. If the minor is the real party in interest, there is no diversity of citizenship. Does the appointment of the Illinois guardian constitute collusion?

Germane to the issues raised are the Minnesota statutes and the Federal Rules of Civil Procedure, which provide:

"Except when otherwise expressly provided by law, every action shall be prosecuted in the name of the real party in interest * * *." 32 Minn. Statutes Annotated, § 540.02.

"An executor, administrator, or guardian, a trustee of an express trust, or a person expressly authorized by statute to sue, may sue without joining with him the person for whose benefit the action is brought." 32 Minn. Statutes Annotated, § 540.04.

"When costs or disbursements are adjudged against an infant plaintiff, the guardian by whom he appears in the action shall be responsible for them, and judgment therefor may be entered against both infant and guardian." 35 Minn. Statutes Annotated, § 549.12.

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust * * * or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *." Federal Rules of Civil Procedure, rule 17(a), 28 U.S.C.A. following section 723c.

Defendant City of St. Paul, discussing said section 540.04, points out that it "is purely a procedural provision." If the problem presented by the instant case was a matter of substantive law, the court would be required to hold the minor to be the real party in interest. Perine v. Grand Lodge A.O.U.W., 48 Minn. 82, 87, 50 N.W. 1022; Gimmestad v. Rose Bros. Co. et al., 194 Minn. 531, 537, 261 N.W. 194; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

It may be appropriate here to quote from the concurring opinion of Mr. Justice Reed at page 92 of 304 U.S., at page 828 of 58 S.Ct., where he points out that, "The line

between procedural and substantive law is hazy, but no one doubts federal power over procedure."

Plaintiff cites Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245; Minnehaha County, S. D. v. Kelley, 8 Cir., 150 F.2d 356, and Whitney v. Daniel et al., 208 Minn. 420, 294 N.W. 465. The Kelley and Whitney cases were commenced by representatives of estates of deceased persons. The Eckman case is more to the point, having been commenced by a general guardian of a minor in federal court in Texas. The plaintiff guardian in the Eckman case was a citizen and resident of the Western District of Texas, the forum in question. The minor and his parents were residents and citizens of Illinois. The suit was brought against a Massachusetts corporation to recover damages for injuries sustained by said minor in the Republic of Mexico. Defendant filed a plea in abatement, asking that the action be dismissed. The plea was overruled and defendant was required to answer. A verdict was returned for plaintiff and appeal was taken from the judgment entered thereon. Affirming, Mr. Chief Justice Fuller described a situation somewhat different from that in the present case, for at page 433 of 187 U.S., at page 213 of 23 S.Ct., he says, " * * * here the action was brought by a citizen of Texas in the district of his residence." Continuing, and again quoting from the opinion in the Eckman case at page 433 of 187 U.S., at page 213 of 23 S.Ct.:

"The question is whether under the laws of Texas a guardian can sue in his own name to recover damages for injuries sustained by the ward, and it is unaffected by the permanent domicil of the ward.

\* \* \* \* \* \*

"If in the state of the forum the general guardian has the right to bring suit in his own name as such guardian, and does so, he is to be treated as the party plaintiff so far as Federal jurisdiction is concerned, even though suit might have been instituted in the name of the ward by guardian ad litem or next friend. He is liable for costs in the event of failure to recover and for attorneys' fees to those he employs to bring the suit, and in the event of success, the amount recovered must be held for disposal according to law, and if he does not pay the same over to the parties entitled, he would be liable therefor on his official bond.

\* \* \* \* \* \*

"We are unable to hold that the circuit court erred in assuming that this guardian had the legal right to bring the action in his own name, and it is on his citizenship, and not on the citizenship of the ward, that the jurisdiction of the Circuit Court depended."

Had the plaintiff of the instant case commenced this action under the same circumstances described in the Eckman case, there would be no occasion for the claim here made by the defendants that the only reason for choosing a non-resident of Minnesota as guardian was but a conniving to establish diversity of citizenship.

Despite the respectable and impressive authorities cited by plaintiff supporting his claim that there is such diversity of citizenship here as approved in the Eckman case, the distinction above suggested, added to the very obvious reason for naming a guardian who resides in a state distant from the state wherein the minor and parents reside, indicates that the plaintiff in the instant case is nominal at best, and selected solely for the purpose of giving jurisdiction to a federal court. The plaintiff guardian serves no purpose that the parent and natural guardian could not serve as well. Collusion to confer jurisdiction under the circumstances seems so obvious that the court is confronted with no other alternative than to grant defendants' motion. City of Detroit, Mich., v. Blanchfield, 6 Cir., 13 F.2d 13, 47 A.L.R. 314. For this reason the action will be, and the same hereby is ordered dismissed.

Plaintiff may have an exception.