**FALLAT v. GOURAN.**

No. 16038.

United States District Court
E. D. Pennsylvania.

June 23, 1954.

---

**8.** See Note 2, supra.

Meade & Singer, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

CLARY, District Judge.

On December 11, 1952, Cyril Dixon, a pedestrian, was struck by an automobile owned and operated by John A. Gouran, defendant, on Easton Road in Roslyn, Pennsylvania. Both Dixon and Gouran are residents of Montgomery County, Commonwealth of Pennsylvania. The complaint filed in this case alleges that as a result of the injuries sustained in the aforesaid accident Dixon became a weak-minded person and by Decree of the Court of Common Pleas of Montgomery County on July 2, 1953, Loretta Dixon Fallat, daughter of the injured person, and a resident of Somerville, New Jersey, was appointed guardian of his estate. As such, she brought the present action in this Court on behalf of her ward to recover damages for the aforesaid injuries basing her claim to jurisdiction solely on the ground of diversity of citizenship. The defendant filed a motion to dismiss for lack of jurisdiction which motion is presently before the Court for disposition.

The motion of the defendant to dismiss the action for lack of jurisdiction is based solely on the assertion that the named plaintiff is not the real party in interest. Defendant argues that the determination of who is the real party in interest must be made in accordance with State law, Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233; Thames v. State of Mississippi, 5 Cir., 117 F.2d 949, 136 A.L.R. 926; that under the Incompetents' Estates Act of the Commonwealth of Pennsylvania, 1951, June 28, P.L. 612, 50 P.S. § 1631 et seq., and the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, No. 2051 et seq., the incompetent himself and not the guardian is the real party in interest; that Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires the action to be brought in behalf of the real party in interest and therefore the present action is without the jurisdiction of this Court.

■ There can be no dispute that under the Federal Rules of Civil Procedure the determination of who is a real party in interest, Rule 17(a), Federal Rules of Civil Procedure, must be made by looking to State law. Mecom v. Fitzsimmons Drilling Co., supra, and Mexican Central R. R. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245. The only two reported cases directly in point with the instant case in the Federal Courts are Stout v. Rigney, 8 Cir., 1901, 107 F. 545

and Wilcoxen v. Chicago B. & Q. Ry., C.C. 1902, 116 F. 444. In each case, employing State law, in the Stout case the Missouri statute, and in the Wilcoxen case the Iowa statute, the courts found that the appointment of a guardian did not vest the guardian with title to the property of the ward or to a cause of action existing in his favor but only with the right to manage and control the ward's property and to prosecute actions in his behalf and for his benefit. Both courts held that there was lack of the necessary diversity of citizenship, even though in each case the guardian was a resident of a foreign state, that the ward was the real party in interest, and dismissed the actions. On this particular point neither case has ever been cited or reversed. Looking therefore to the Pennsylvania statute to determine who is the real party in interest we find that Section 401 of the Act of June 28, 1951, P.L. 612, § 401, 50 P.S. § 1781, gives a guardian the right to possession, maintenance and administration of the real and personal assets of the incompetent. A guardian under the statute has the duty to prosecute actions for the incompetent. However, Rule 2064, Pa.R.C.P. 12 P.S. Appendix, provides that no action to which an incompetent is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition by any party in interest. Rule 2054(a) provides that an action in which an incompetent is plaintiff shall be entitled " 'A, An Incompetent, by B, His Guardian,' against the defendant". However, where the incompetent is a defendant in an action the same rule provides that the action shall be commenced against the incompetent by name in the manner in which a like action is commenced against a competent adult. Pa. R.C.P. Rule 2063 provides that a guardian shall not be individually liable for the payment of any judgment entered against the incompetent or for costs of the action. Section 103 of the statute, 50 P.S. § 1633, specifically provides that legal title to real and personal property shall remain in the incompetent, subject however to management by the guardian under the jurisdiction of the court. Sections 501 and 502 of the Act of June 28, 1951, P.L. 612, 50 P.S. §§ 1841–1842, covering substitution of guardians, clearly indicate that the executor or administrator of a guardian's estate does not succeed to the guardian's right and privileges with respect to the incompetent's estate. Section 443 of the Act, 50 P.S. § 1823, provides for approval of any action by the guardian in the administration or distribution of an incompetent's estate by the court having jurisdiction of the estate.

It would appear therefore that a guardian appointed by a court of competent jurisdiction under the Pennsylvania Incompetents' Estates Act is as stated by Judge Follmer in Hart v. Feely, D.C., 109 F.Supp. 3, 5:

"* * * a bailiff of the Court, the weak minded person became its ward, and his estate was in custodia legis, * * *."

Plaintiff contends that the case is controlled by the result in Mexican Central R. R. Co. v. Eckman, supra, Mecom v. Fitzsimmons Drilling Co., supra, and Jaffe v. Philadelphia & Western R. R., 3 Cir., 1950, 180 F.2d 1010. In the Jaffe case, a New Jersey resident had been appointed administratrix ad prosequendum of the estate of Rodell J. Dorsey, deceased, in an action against the Philadelphia & Western Railroad Company under the Pennsylvania Wrongful Death statute and under the Pennsylvania Survival of Actions law. There, as here, a preliminary jurisdictional problem was raised by the defendant and decided against it. The Court of Appeals for this Circuit in the opinion of Judge McLaughlin held that the fact that a New Jersey resident was appointed administratrix because it was desired to bring action in the Federal Court did not require dismissal of the action on the ground that it was a collusive and colorable attempt to install a citizen of another state as plaintiff within 28 U.S. C.A. § 1359. Judge McLaughlin cited

with approval the language of Mr. Justice Roberts in the Mecom opinion [284 U.S. 183, 52 S.Ct. 87], to wit:

"To go behind the decree of the probate court would be collaterally to attack it, not for lack of jurisdiction of the subject-matter or absence of jurisdictional facts, but to inquire into purposes and motives of the parties before that court when, confessedly, they practiced no fraud upon it."

This rule has been uniformly followed that a Federal Court will not inquire into the motives or reasons upon which a regularly entered decree of a State Court is based, Mecom v. Fitzsimmons Drilling Co., supra; Christmas v. Russell, 5 Wall. 290, 18 L.Ed. 475. In this connection and on this point Professor Moore Federal Practice, 2nd Ed., Vol. 3, page 1320, says:

" * * * There is no Federal policy against an avoidance of Federal jurisdiction."

The principle of law applicable to the particular facts here involved is not at all clear and the question merits appellate review. A different facet of the problem of appointment to create diversity was presented to the Orphans Court of Philadelphia County in Estate of Gloria Kaufman, a minor, Orphans Court of Philadelphia County, No. 3562 of 1953. There the court was asked to appoint a non-resident guardian for the minor *solely* for the purpose of creating federal jurisdiction in a prospective suit for damages for injuries to the minor sustained in an automobile accident, the defendant being a resident of the Commonwealth of Pennsylvania. President Judge Klein in an exhaustive and scholarly opinion reported in the Legal Intelligencer, Friday, April 23, 1954, Vol. 130, pp. 529, 538, reviews in detail the problem, citing Martineau v. City of St. Paul, 8 Cir., 172 F.2d 777. He pointed out that in that case, the law of Minnesota being similar to Pennsylvania, a Minnesota Federal District Court dismissed an action brought by an Illinois guardian of a Minnesota minor against a resident of the State of Minnesota for lack of diversity. This action was sustained by the Court of Appeals for the 8th Circuit. Although he doubted the jurisdiction of the Federal Court in such a case, Judge Klein was concerned only with the best interest of the minor and finding that verdicts in injury cases were generally higher in the Federal Courts than in the State Courts made an appointment of an out-of-state guardian solely in the best interest of the minor. He stated that the matter of jurisdiction was one for the Federal Court to decide but as a precaution instructed the out-of-state guardian, an attorney of the Orphans Court of Philadelphia County, to also institute suit in the state court for the minor's protection in the event the federal jurisdiction might be lacking

It seems to me that under Pennsylvania law the real party in interest is not the guardian but the incompetent himself. There has been no question of collusion raised in this case. A married daughter would be a normal person eligible to be appointed to act in the capacity as guardian for her father. However, interpreting State law and following the rulings in the only two reported cases in point, I have come to the conclusion that under Pennsylvania law the incompetent and not the guardian is the real party in interest and that the action must be dismissed. Since the action is not barred by the applicable statute of limitations of Pennsylvania, it will be possible to institute suit in the State Court and thus the guardian and the incompetent will both be protected.

An order will be entered dismissing the action for lack of jurisdiction.