### Frances Metzger Wirth STEPHAN, as Guardian of Charles Wirth, Plaintiff,
v.
### The MARLIN FIREARMS COMPANY, Inc., F. A. Landers, Carl Pavlick and John Misciuch, Defendants.

Civ. No. 9194.

United States District Court
D. Connecticut.

May 14, 1963.

---

Theodore I. Koskoff, Bridgeport, Conn., and James M. Desmond, Norwalk, Conn., for plaintiffs.

Kevin Gormley of Gormley & Gormley, New Haven, Conn., for defendant The Marlin Firearms Company, Inc.

Adrian W. Maher of Maher & Maher, Bridgeport, Conn., for defendant Pavlick.

Sidney Vogel of Vogel, Sigsway, Seidman & Harris, Norwalk, Conn., for defendant Landers.

Paul V. McNamara, Bridgeport, Conn., for defendant Misciuch.

TIMBERS, District Judge.

The motion of defendant Marlin Firearms Company, Inc., pursuant to Rule 12(b) (1), Fed.R.Civ.P., to dismiss the action for lack of jurisdiction over the subject matter, raises the question whether appointment of plaintiff as foreign guardian of the estate of a minor child expressly for the purpose of creating diversity of citizenship in this action for negligence and breach of warranty requires dismissal on the ground plaintiff "has been improperly or collusively made or joined to invoke the jurisdiction" of this Court within the meaning of 28 U.S.C. § 1359.

The Court holds this question must be answered in the negative. The motion is denied.

The reasoning and authority upon which denial of the motion to dismiss is based in the instant case is set forth in the opinion filed this day in Lang v. Elm City Construction Company, Civil No. 9024, 217 F.Supp. 873 (D.Conn.1963).

The facts necessary to a determination of this motion, as disclosed by the plead-

23. Corabi v. Auto Racing, Inc., supra note 9, at 785.

ings and other papers on file, are not in dispute.[1]

Charles Wirth, age 17, sustained serious injuries November 2, 1961 as a result of the discharge of a .22 calibre rifle then in the hands of defendant Pavlick, age 15, while Wirth and Pavlick were hunting in a wooded area near Danbury, Connecticut. The alleged inadequacy of the safety mechanism on the rifle is the basis of plaintiff's claims. Pavlick purchased the rifle from defendant Landers, a gun dealer who operates a retail gun shop. Landers had purchased the rifle second-hand from another gun dealer. Defendant Marlin was the manufacturer of the rifle. Landers made out the bill of sale for the rifle to defendant Misciuch, uncle of Pavlick, because of Pavlick's age. After using the rifle and believing it did not work properly, Pavlick returned it to Landers who took it to Marlin's repair department. After repairing it, Marlin returned it to Landers who turned it over to Pavlick.

Plaintiff claims negligence against all defendants and breach of warranty against defendants Marlin and Landers. Defendant Landers claims breach of warranty against defendant Marlin. Defendant Pavlick claims breach of warranty against defendants Marlin and Landers.

The requisite jurisdictional amount is involved, plaintiff having sued for $750,-000.

All defendants are Connecticut citizens.

Plaintiff Frances Metzger Wirth Stephan, guardian of the estate of Charles Wirth, a minor, is a Florida citizen. She also is young Wirth's grandmother, being the mother of young Wirth's father. She was appointed guardian of young Wirth's estate February 8, 1962 by the Probate Court for the District of Norwalk, Connecticut; she has qualified and is acting as such.

The instant action in the federal court was commenced February 16, 1962. Prior thereto an action, since withdrawn, based on the same accident, was brought in the Superior Court for Fairfield County, the writ having been made returnable January 1962. The Superior Court action was brought by young Wirth's father, John Wirth, suing as parent and next friend of the minor, against defendants Pavlick and Misciuch; Landers and Marlin were not named as defendants in the Superior Court action.

Young Wirth lives in Norwalk, Connecticut, with his father who is the sole support of six children. Young Wirth's mother is in a sanitarium. His grandmother, plaintiff herein, has an independent income. Her appointment as guardian of young Wirth's estate was made partly because of the responsibilities of the boy's father with six children to support and their mother in a sanitarium.

It is not disputed, however, and plaintiff's counsel candidly assert, that appointment of plaintiff as foreign guardian of young Wirth's estate was "to obtain the requisite diversity of citizenship necessary to institute this particular action in this particular forum." [2]

The Court recognizes factual differences between the instant case and the Lang case—such as the nature of the fiduciary duties of the two plaintiffs; the family relationship of plaintiff as grandmother of young Wirth here and the absence of any such relationship in Lang; the commencement of a prior suit in the Superior Court here, while there

1. Since matters outside the pleadings have been presented to and not excluded by the Court on this motion, it is treated as a Rule 56 motion for partial summary judgment. Rules 12(b) and 12(c), Fed.R.Civ. P.

2. The reasons for plaintiff's counsel's advice in the instant case regarding the appointment of a foreign guardian to obtain requisite diversity of citizenship are substantially the same as those of plaintiff's counsel in Lang v. Elm City Construction Company, 217 F.Supp. 873, 874 n. 4 (D.Conn.1963).

882

was no prior suit in Lang; and the appointment originally of a Connecticut administratrix in Lang, while there was no prior appointment in the instant case. These are differences without distinction, in the opinion of this Court.

The controlling facts here establish—at least as conclusively as in Lang—that appointment of plaintiff as a foreign fiduciary expressly for the purpose of creating diversity of citizenship does not require dismissal of the action on the ground plaintiff has been improperly or collusively made or joined to invoke the jurisdiction of this Court within the meaning of 28 U.S.C. § 1359. The Court so holds.

As in Lang, since this case presents a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this Court's order may materially advance the ultimate termination of this litigation,[3] a certificate pursuant to 28 U.S.C. § 1292(b) has been issued.

**3.** Corabi v. Auto Racing, Inc., 264 F.2d 784, 785, 75 A.L.R.2d 711 (3 Cir. 1959).