John F. XAPHES, Guardian of Beverly A. Baker and Richard J. Baker,

v.

Jackie W. MOSSEY.

Civ. A. No. 3708.

United States District Court
District of Vermont.
July 17, 1963.

Robert K. Bing, and Clarke A. Gravel, Burlington, Vt., for plaintiff.

Ryan, Smith & Carbine, Rutland, Vt., for defendant.

GIBSON, District Judge.

This action involves a suit brought by the guardian of two children against the defendant. The defendant is the step-father of the children. The children have not been adopted by the defendant. The children are residents of Vermont. The guardian is a resident of Maine. The defendant is a resident of Vermont. In his answer, the defendant has asserted that the complaint fails to state a cause of action upon which relief can be granted. The defendant asserts that he stands *in loco parentis* to the children and therefore cannot be held liable for any negligence by him which may have resulted in injury to them. At the hearing, the defendant also alleged that the Court did not have jurisdiction over the action since there was no diversity between the real parties in interest and that diversity jurisdiction cannot be obtained by the appointment of an out of state guardian.

■ The question of jurisdiction over the subject matter is not waived if not raised in the defendant's answer and may be raised at any time. Fed.R.Civ.Proc. Rule 12(h).

■ The Court does have jurisdiction over the subject matter. The plaintiff as guardian was not a nominal plaintiff.

The guardian has the power to sue for his ward. 14 V.S.A. § 2799. In such a case, diversity depends on the citizenship of the guardian, not the ward. Mexican Central Railway Company v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L. Ed. 245 (1903). This is true even though an out of state guardian was appointed for the purpose of obtaining diversity. Johnstone v. O'Connor & Co., 164 F.Supp. 66 (D.C.E.D.Penna.1958). Bode, Guardian of Bernadette Joy Steen v. Campbell, D.C.D.Vt.Civil Action No. 3028 (Oct. 7, 1960); Accord, Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L. R.2d 711 (3rd Cir. 1959).

The complaint does state a cause of action upon which relief can be granted. First, it should be noted that the defendant has not adopted the wards of the plaintiff. Further, the defendant was not able to act as a parent for a long period of time after the accident. But granting that the defendant stands *in loco parentis* to the children, this fact should not be a bar to this action.

■ There are no Vermont cases holding that a child cannot sue his parent for the parent's negligence. Therefore, it is the duty of this Court to anticipate what the Vermont law is. Deveny v. Rheem Manufacturing Co., 319 F.2d 124 (2nd Cir. June 6, 1963).

■ The primary reason asserted to hold that a child cannot sue its parent is that it would tend to disrupt the peace and harmony of the family unit. First, it is difficult to see the application of this argument to the facts in this case. Secondly, the relationships within the family have undergone many changes within the recent decades. Members of the family are becoming more independent. Insuring oneself against the negligent operation of an automobile is common, and in fact expected. It would seem unusual to deny the protection of such a common thing to those whom the insured would most desire to protect.

For these reasons it is the opinion of this Court that the complaint does state a cause of action under the law of Ver-

mont. Rozell v. Rozell, 281 N.Y. 106, 22 N.E.2d 254, 123 A.L.R. 1015 (1939); Cf. Dunlap v. Dunlap, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055 (1930).

Therefore, it is hereby ordered that the defendant's motions to dismiss be and hereby are denied.