Romana Guerrero **HERNANDEZ, Individually and as Next Friend of Blanca Imelda de La Cruz, Lorie Anzaldua, and Edna Elizabeth Anzaldua,**

v.

Georgie Sarah **LUCAS, Independent Executrix of the Estate of Lloyd Woodrow York Lucas, Deceased.**

Civ. A. No. 65–B–67.

United States District Court
S. D. Texas,
Brownsville Division.
June 7, 1966.

Hardy, Galindo & Sharpe, Thomas G. Sharpe, Jr., Brownsville, Tex., for plaintiffs.

Carter, Stiernberg, Skaggs & Koppel, Harlingen, Tex., Gordon L. Briscoe, Harlingen, Tex., for defendant.

## MEMORANDUM AND ORDER

GARZA, District Judge.

This diversity action was brought by Plaintiff Romana Guerrero Hernandez, Individually, for the death of her daughter in an automobile accident, and as Next Friend of her daughter's three minor children alleged to be in her custody. The action is against the Independent Executrix of the Estate of Lloyd Woodrow York Lucas, Deceased, whose negligence is alleged to have caused the accident.

Although the complaint alleges that the Plaintiffs at all times material to this action were citizens of Mexico, and that the Defendant is a citizen of Texas, the Defendant moves to dismiss for lack of jurisdiction because Plaintiff's answers to interrogatories show that the three minor children were all born in Texas and are thus citizens of the United States.

Plaintiff argues that decedent's children had acquired the domicile of their mother in Mexico before her death, and intend to acquire Mexican citizenship upon reaching their majority. Plaintiff further contends that she is the general guardian of the minor children, and is decedent's representative, and that her citizenship controls the question of diversity, rather than that of the children.

■ Although the children may have acquired the domicile of their deceased mother in Mexico, a citizen of the United States who acquires a domicile in another country is neither a citizen of any State nor an alien, and may not sue or be sued in Federal Court on the basis of diversity of citizenship. 1 Barron & Holtzoff, Federal Practice and Procedure, § 26, pp. 137–138.

■ The cases supporting Plaintiff's proposition that the citizenship of a general guardian or decedent's representative determines diversity, all involve a factor which is lacking here: The guardian or representative bringing the action was appointed as such by the proper court. Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245, 1903; Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 1931; Berkowitz v. Philadelphia Chewing Gum Corp., 217 F.Supp. 80, D.C.Pa., 1962; Stephan v. Marlin Firearms Co., 217 F.Supp. 880, D.C. Conn., 1963; Xaphes v. Mossey, 224 F. Supp. 578, D.C.Vt., 1963.

■ However, nominal or formal parties, such as a guardian ad litem or next friend, may be disregarded and the citizenship of the ward will be considered in determining the existence of diversity. Appelt v. Whitty, 286 F.2d 135, 7 Cir., 1961; and 1 Barron & Holtzoff, Federal Practice and Procedure § 26, pp. 149–151.

■ The Plaintiff here has not brought suit in the capacity of a general guardian, but sues individually and as next friend of the minors. It is not alleged that she has been appointed guardian of the estates of the children by any court in Texas or in Mexico. It appearing from the pleadings that the three children are all citizens of the United States, but not of any particular State, the required diversity of citizenship between all the Plaintiffs and the Defendant is lacking, and this Court does not have jurisdiction of the action.

It is, therefore, ordered, adjudged and decreed that Defendant's motion to dismiss for lack of jurisdiction is granted, and this cause should be and the same is hereby dismissed without prejudice.

Clerk will send copies of this Memorandum and Order to counsel for the parties.