Courtney Leroy **VALLENTINE**, a Ward, by Daniel S. Hoffman, his Conservator, Plaintiff,

v.

**TAYLOR INVESTMENT CO.** and Taylor Investment Co. d/b/a Ramada Inn Motel, Defendant.

Civ. A. C–1322.

United States District Court
D. Colorado.

Oct. 16, 1969.

Paul, Weinshienk, Zeppelin & Miller, Denver, Colo., and Miller, Pitt & Feldman, Tucson, Ariz., for plaintiff.

Wormwood, Wolvington, Renner & Dosh, by Paul D. Renner, Denver, Colo., for defendant.

### MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on defendant's motion to dismiss the complaint. We have read and considered the

briefs submitted by the parties and are fully advised in the premises.

The complaint was filed in the name of Courtney Leroy Vallentine, a Ward, by Daniel S. Hoffman, his Conservator. The defendant is Taylor Investment Co. and Taylor Investment Co. doing business as Ramada Inn Motel, a citizen of Colorado. The ward is a citizen of New Mexico and his conservator is a citizen of Colorado. The issue raised by this motion to dismiss is whether the citizenship of the conservator defeats the complete diversity required to sustain jurisdiction in this Court.

We treat this precise issue as one of first impression, though many cases have discussed the citizenship of various types of principals and representatives for the purpose of Federal diversity jurisdiction. The cases are confusing and the Circuits are split; therefore some examination of the case law is deemed appropriate.

The most consistent rule to be found is in the area of decedents' estates. There, it is generally held that the citizenship of the executor or administrator controls when complete diversity is in question. Chenoweth v. Atchison, Topeka and Santa Fe Railroad Co., 229 F.Supp. 540 (D.C.Colo.1964). See also, Mecon, Administrator v. Fitzsimmons Drilling Co., Inc., et al., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931).

Outside of this area we find no general rule. The cases reach diverse and inconsistent results, relying on particular sets of facts and a variety of distinctions.

The confusion seems to have begun with Mexican Central Railroad v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245 (1903), the first and only United States Supreme Court case, outside of the estate area, discussing the question. There a Texas guardian sued a Massachusetts corporation for damages arising out of injuries suffered by the guardian's Illinois ward. The accident took place in Mexico and suit was brought in a federal court in Texas. The issue arose under the predecessor to 28 U.S.C. § 1391, requiring suit to be brought in the state where either the plaintiff or defendant resided.

The sole jurisdictional question was whether jurisdiction of the Texas federal court could be sustained through the citizenship of the guardian. 187 U.S. at 433, 23 S.Ct. at 211. No problem of incomplete diversity was present. The Court held that where state law gives the guardian the right to sue in his own name and he does so, Federal jurisdiction is sustained in the state of the guardian's citizenship.

Many subsequent cases have treated *Eckman* as dispositive of the question of whose citizenship controls for purposes of incomplete diversity. We disagree with that reading of the case. We believe that *Eckman* held only that suit by the guardian in the situation there presented was permissive, not that it was mandatory.

In Merritt v. Greenberg, 4 F.Supp. 655 (E.D.N.Y.1933), and Horzepa v. Dausky, 40 F.Supp. 476 (E.D.N.Y.1941), the distinction between a general guardian and a guardian ad litem was made. Both cases held that the citizenship of the ward controls where a guardian ad litem is involved.

In Martineau v. City of St. Paul, 172 F.2d 777 (8th Cir. 1949), the court held that under Minnesota law the ward was the real party in interest; therefore his citizenship, not that of the nonresident guardian, controlled for diversity purposes. As an apparent alternative ground, it held that the appointment of a nonresident guardian in that case was purely for the purpose of creating diversity, therefore Federal jurisdiction could not be sustained. Accord, Dougherty v. Oberg, 297 F.Supp. 635 (D.Minn. 1969).

The Third Circuit takes a different view. In Fallat v. Goulan, 220 F.2d 325 (3d Cir. 1955), the court discussed both of the grounds relied upon in *Martineau* and held neither to be controlling. Rath-

er, the court held that the guardian in that case had a right to sue, either under state law or under Rule 17 of the Federal Rules of Civil Procedure; therefore his citizenship controlled and jurisdiction was upheld. Later, the Third Circuit changed its position and ruled that if the guardian was appointed solely to create diversity, Federal jurisdiction could not be sustained. McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968).

Other cases have relied upon different distinctions. Among them are Hernandez v. Lucas, 254 F.Supp. 901 (D.C. Tex.1966) (whether the guardian was informal or appointed by a proper court), and Stout v. Rigney, 107 F. 545 (8th Cir. 1901) (whether or not the guardian has title to the ward's property).

These cases, along with the case before us, involve considerations which are totally different from those which control in the decedents' estates cases. The most important is that the decedent cannot, of course, have any interest in the outcome of the suit. Nor can the suit be brought in his name. Further, the administrator has a strong interest in conserving the estate since his fees come out of it.

In the case at bar these considerations do not apply. The conservator has nothing personally to gain or lose in the action. The injury was suffered by the ward and the recovery is his alone. The suit was brought in his name.

We find no reason for following what seems to be the rule in the estate cases. In the other cases, we find no general rule to follow. The authority is indeed "thin and rather elusive." Dougherty v. Oberg, supra, 297 F.Supp. at 638. We note that were we to hold that diversity is lacking in this case, plaintiff could merely amend the complaint, dropping the name of the Colorado conservator or substituting a New Mexico representative, assuming that one exists, and diversity would miraculously appear. See Colo.Rev.Stat.Ann. § 153–10–27 and Rule 17 of the Colorado Rules of Civil Procedure. No substantive rights or lia-

bilities would be affected. We find this approach to be at least inexpeditious.

We see no policy to be served by holding that diversity does not exist. There is no problem in this case with voluntary or collusive creation of diversity. See Eckman, supra. We hold therefore that the existence of a Colorado conservator in this action does not defeat complete diversity and that we do have jurisdiction. It is therefore

Ordered that the defendant's motion to dismiss be and the same hereby is denied.