915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Mario PEREZ, etc., Plaintiff, Appellant,
v.
Clinica Dr. PEREA, et al., Defendants, Appellees.
 No. 89-1959.
 United States Court of Appeals, First Circuit.
 July 9, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Gilberto Gierbolini, District Judge.
 David Efron, for appellant.
 Pedro J. Cordova with whom Federico Rodriguez Pagan was on brief, for appellee Clinica Dr. Perea.
 Ivan O. Gonzalez Cruz with whom Martinez, Camacho & Laffitte was on brief, for appellee Corporacion Insular De Seguros.
 Luis Roberto Santos with whom Santos & Baez was on brief, for appellees Walter M. Pinedo and Rafael Rodriguez Acevedo.
 D.P.R.
 AFFIRMED.
 Before BREYER and SELYA, Circuit Judges, and and RE,* Judge.
 RE, Chief Judge.
 
 
 1
 Plaintiff-appellant, Mario Perez, appeals from a judgment of the United States District Court for the District of Puerto Rico, dismissing Perez's medical malpractice action against defendants-appellees, Clinica Dr. Perea, Dr. Walter M. Pinedo, Dr. Rafael Rodriguez Acevedo, and their insurance companies (collectively Clinica), for lack of diversity jurisdiction.
 
 
 2
 Perez, a resident of New York, brought this action on behalf of his minor son, Norman Perez Ortiz (Norman), for physical injury suffered during birth, and allegedly caused by the medical malpractice of Clinica Dr. Perea and the attending physicians, all residents of Puerto Rico. The district court determined that, since Norman was a resident of Puerto Rico at the time the complaint was filed, there was no diversity, and dismissed the action. Perez contends that the district court erred in dismissing the action, and asserts that, since, as a minor, Norman's residence is that of his father, Perez, diversity exists between Norman and Clinica.
 
 
 3
 The question presented is whether the district court erred in dismissing the action, because it determined that, at the time of the filing of the complaint, there existed no diversity between Norman and Clinica.
 
 
 4
 Since we hold that, at the time of the filing of the complaint, Perez did not have capacity to maintain an action on behalf of Norman, it is not necessary to determine whether diversity exists. Accordingly, we affirm the decision of the district court.
 
 BACKGROUND
 
 5
 On May 11, 1988, Mario Perez, a resident of New York, filed this medical malpractice action on behalf of his minor son, Norman, in the United States District Court for the District of Puerto Rico. Perez alleged that Norman suffered physical injury during his birth, on March 19, 1973, at the defendant Clinica Dr. Perea in Mayaguez, Puerto Rico. Also named as defendants were the attending physicians and their insurance companies, all residents of Puerto Rico. Perez alleged jurisdiction based on diversity.
 
 
 6
 Alleging a lack of diversity between Norman and Clinica, Clinica moved to dismiss for lack of subject matter jurisdiction. The motion was referred to a magistrate, who recommended granting Clinica's motion to dismiss. On September 21, 1989, the court adopted the recommendation of the magistrate, and dismissed the action.
 
 
 7
 In his report, the magistrate stated that "it is Norman's domicile, which was Puerto Rico at the time the complaint was filed, which determines whether diversity jurisdiction exists," and that "[t]he domicile of a minor is the domicile of his parents or that of the parent having his legal custody ("patria potestad") in the event only one of the parents has it." The magistrate noted that "at the time this complaint was filed, the minor plaintiff's divorced mother, who had legal custody of him, was domiciled in Puerto Rico." Hence, the magistrate concluded that there was no diversity, and recommended that the action be dismissed.
 
 
 8
 On this appeal, Perez contends that the district court erred in "dismissing the present pre-1989 lawsuit for lack of jurisdiction when diversity jurisdiction was clearly present between plaintiff representing minor son and defendants." Perez also contends that the district court erred in determining that Perez required legal custody in order to sue on behalf of his minor son.
 
 DISCUSSION
 
 9
 At the time the complaint in this case was filed, the federal district courts had original jurisdiction over all actions where the matter in controversy exceeded $10,000, and the dispute arose between citizens of different states, or a citizen of a state and a citizen of the Commonwealth of Puerto Rico. See 28 U.S.C. Sec. 1332(a)(1) (1982).
 
 
 10
 In diversity actions brought on behalf of an infant or incompetent by a general guardian, courts have looked to the residence of the guardian for purposes of determining subject matter jurisdiction, "where under the law of the forum state [the guardian] has the right to sue in his own name without joining the ward." 1 L.Ed.'s Federal Procedure Sec. 1:222 (E. Barbre ed. 1981) (citing Mexican Cent. R. Co. v. Eckman, 187 U.S. 429 (1903)). For suits brought by a guardian ad litem or next friend, however, the citizenship of the infant or incompetent determines whether there is diversity of jurisdiction. See id. (citing Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183 (1931)). See also Dunlap by Wells v. Buchanan, 741 F.2d 165, 167 (8th Cir.1984).
 
 
 11
 Under Puerto Rico law, "the domicile of an unemancipated minor is ordinarily that of his parents." Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1030 (1st Cir.1988) (citing P.R.Laws Ann. tit. 1, Sec. 8 (1967)). In addition, under 28 U.S.C. Sec. 1359, no diversity jurisdiction exists when "any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of [the district] court."
 
 
 12
 In this case, on November 20, 1987, Perez and Maria Ortiz, Norman's mother, a resident of Puerto Rico, were divorced by mutual consent. Pursuant to the terms of the divorce, Maria Ortiz was granted "patria potestas" and custody of the children, including Norman. Under Puerto Rico law, "[i]n all cases of divorce the minor children shall be placed under the care and patria potestas of the spouse whom the Court, in the exercise of its sound discretion, considers best fitted to serve the best interest and welfare of the minor." P.R.Laws Ann. tit. 31, Sec. 383 (Supp.1988). Furthermore, the Supreme Court of Puerto Rico has held that only the parent with "patria potestas" has the right to maintain an action on behalf of a minor child. See Torres Ex-Parte, 118 P.R.Dec. 469 (1987).
 
 
 13
 On June 29, 1988, after the complaint in this case was filed, the parties entered into an agreement in the Superior Court of Puerto Rico, transferring the "patria potestas" over Norman to Perez. It is not disputed, however, that Norman, a resident of Puerto Rico, has never resided in the continental United States, and that, at all times, has remained under the physical custody of his mother, Maria Ortiz, a resident of Puerto Rico.
 
 
 14
 It must be noted that the complaint in this case predates the Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, 102 Stat. 4642 (1988), which was enacted on November 19, 1988. Section 201(a) of the Act increases the amount in controversy required for federal diversity jurisdiction from $10,000 to $50,000. In addition, section 202(a)(2) provides that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State [including Puerto Rico] as the infant or incompetent." Even though the Act does not govern this case, it is noteworthy that section 202(a)(2) of the Act "should obviate the problems that occasionally arose in diversity actions involving representative parties." 3A J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice p 17.04 (1989).
 
 
 15
 In this case, however, it is not necessary to decide whether diversity is determined by the residence of the named plaintiff, Perez, or of Norman, his minor son, since the decision of the district court can be affirmed on other grounds. The Federal Rules provide that, in actions brought by representative parties, capacity to sue is determined by the law of the state in which the district court sits, including Puerto Rico. See Fed.R.Civ.P. 17(b). Since it is not disputed that, at the time of the filing of the complaint, Perez did not have "patria potestas" over Norman, under the laws of Puerto Rico, Perez did not have capacity to maintain an action as a representative party for Norman.
 
 CONCLUSION
 
 16
 Since, at the time of the filing of the complaint, Perez did not have the capacity to maintain an action as a representative party for Norman, it is the determination of the court that the district court committed no error in granting Clinica's motion to dismiss. Hence, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation