L. F. CHENOWETH, Administrator of the Estates of Glenn Gordon Walls and Ollia Bell Walls, Plaintiff,

v.

ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY and Clinton Frank Eshe, Defendants.

Frank A. ROEDELL, Addie Roedell, and D. D. Walls, heirs at law and next friends of Marla Kay Walls and Glenda Walls, minors, deceased, Plaintiffs,

v.

ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, a corporation, and Clinton Frank Eshe, Defendants.

Civ. A. Nos. 8407, 8408.

United States District Court
D. Colorado.
May 22, 1964.

Grant, Shafroth, Toll & McHendrie, Peter J. Crouse, Denver, Colo., for defendants.

DOYLE, District Judge.

From the complaints filed in these two companion cases it appears that on December 11, 1961, in Colorado Springs, Colorado, a family of four was wiped out when the car in which they were riding was struck by a northbound Santa Fe train.

On December 11, 1963 these two complaints were filed in the United States District Court for the District of Kansas. The nominal plaintiff in the one case, No. 8407, is L. F. Chenoweth, Administrator of the Estate of Glenn Gordon Walls and Ollia Bell Walls, the parents. The plaintiffs in the other case, No. 8408, are Frank A. Roedell, Addie Roedell, and D. D. Walls. Frank A. Roedell and Addie Roedell, residents of Quinlan, Oklahoma, appear to be the maternal grandparents of Marla Kay Walls and Glenda Walls, the children killed in the accident. D. D. Walls, a resident of Waynoka, Oklahoma, appears to be the paternal grandfather of the children killed in the accident. Chenoweth, the Colorado administrator of the estates of Glenn Gordon Walls and Ollia Bell Walls, it appears from the complaint, is personally a resident and citizen of Colorado. It is normally the citizenship of the personal representative that is material when jurisdiction is dependent on diversity of citizenship. 3 Moore, Federal Practice ¶ 17.04, note 8, and cases cited. The defendants named in the complaint are the Atchison, Topeka & Santa Fe Railroad Company, a Kansas corporation, and one Clinton Frank Eshe, the engineer of the train involved in the fatal crash, who appears to be a resident and citizen of Colorado.

This action was commenced by the filing of a complaint in the United States District Court for the District of Kansas on December 11, 1963. The complaint named as defendants both the Atchison, Topeka and Santa Fe Railroad and Eshe.

Summons issued by the clerk of the Kansas federal court were served upon the corporate defendant at Wichita, Kansas and upon Eshe at Arvada, Colorado. Both the corporate defendant and Eshe were represented in the United States District Court for the District of Kansas by the Wichita law firm of Wiegand, Curfman, Brainerd, Harris & Kaufman. At no time did the defendants' attorneys there object to the sufficiency of service of process on Eshe. On January 3, 1964 the defendants' attorneys, purporting to speak only on behalf of the corporate defendant, moved for an order transferring the action to this Court pursuant to Title 28 U.S.C. § 1404(a) on the grounds that such transfer would be in the interest of justice and the convenience of parties and witnesses. In justification of its motion the corporate defendant represented:

"In support [of the motion to transfer] the defendant corporation shows to the Court that the said alleged crossing accident occurred in the City of Colorado Springs, Colorado; that the said action will be controlled by the laws of the State of Colorado; that the plaintiff [Chenoweth] is a resident of El Paso County, Colorado; that the defendant corporation is amenable to service of process in El Paso County, Colorado; that all of the witnesses to the said accident known to the defendant are residents of the State of Colorado; that the said defendant knows of no witness for either

the plaintiff or defendant who would be residents of the State of Kansas; that in the event a view of the place of the accident becomes necessary or desirable, it can be had only in El Paso County, Colorado, and that it would aid the orderly administration of justice for this said action to be transferred to the United States District Court for the District of Colorado."

This motion, it will be observed, is predicated on the implicit representation that there existed a state of affairs which might be expected to result in a trial of the action on the merits.

On January 22, 1964, at the expiration of the time allowed Eshe to plead, the Court, on the application of Eshe's attorneys, granted an additional ten days in which to plead.

The effect of this order was to postpone the date when Eshe was obliged to plead beyond the date set for a hearing on the motion of the corporate defendant to transfer. On January 24, 1964, then, the motion for transfer was heard. Transfer pursuant to section 1404(a) was ordered, no explanation of the reasons for transfer being given, other than in conclusory terms. Purportedly the defendant Eshe did not appear on this motion; but the attorney representing both Eshe and the corporate defendant was the one who argued that it was more convenient for the parties and witnesses, necessarily including Eshe, to have this action *tried* in Colorado.

Once the action had been transferred to this court, however, the corporate defendant, apparently assuming for purposes of this particular facet of its motion to dismiss that this court had jurisdiction over the person of the defendant Eshe, moved this court for dismissal of the complaint as against the Santa Fe Railroad on the ground that the naming of Eshe as a party defendant was destructive of the diversity of citizenship between the party plaintiff and the parties defendant upon which federal jurisdiction was apparently premised.

In moving the transferror court for an order transferring this action to this court pursuant to 28 U.S.C. § 1404(a) the corporate defendant must necessarily have represented that the action brought by the plaintiff in Kansas against both the corporate defendant and Eshe was one which "could have been brought" in the District of Colorado; but this is not the case. On the assumption that the administrator was the real party in interest—an assumption which may not be correct under the law of Kansas, cf. 3 Moore, Federal Practice ¶ 17.04, note 12, but which assumption is uncontradicted in the record at this point— it is now apparent that the plaintiff and one of the defendants named in the original complaint were both citizens of Colorado and that the action was, hence, not one which "could have been brought" originally in this court within the meaning of 28 U.S.C. § 1404(a) as interpreted by the Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), which interpretation was controlling at the time the motion to transfer was ruled on.

We are thus forced to conclude that the motion of the corporate defendant praying transfer of this action from the United States District Court for the District of Kansas to the United States District Court for the District of Colorado was an imposition on the transferror court—a motion which could not properly have been granted had defendants' attorneys revealed, by a timely motion objecting to sufficiency of service of process on Eshe, that diversity jurisdiction would not have existed had the action originally been brought in this court, that the District of Colorado was not a district in which the action "could have been brought" within the meaning of 28 U.S.C. § 1404(a), and that, hence, the action could not properly be transferred to this district pursuant to § 1404(a). The wholly divergent approaches taken by the defendant Santa Fe in Kansas and in Colorado are explainable in terms of the different set

of attorneys which represented it in the two places.

■■ An added reason for our unwillingness to proceed with an adjudication of this action stems from the fact that Kansas law, with which we are not familiar, determines what choice-of-law rule is to be applied in the instant case since Kansas is the forum in which this action was brought. Headrick v. Atchison, T. & S. F. Ry. Co., 182 F.2d 305 (10th Cir. 1950); Van Dusen v. Barrack, U.S., 84 S.Ct. 805, 816–20 (1964). We think it proper that a court familiar with Kansas law should specify which state's law governs capacity to sue in a wrongful death action brought in Kansas. Our first impression upon reading Kansas General Statutes 60–3201 through 60–3204 (1949) is that a survival statute and wrongful death statute are there merged into one Article which is codified in such a fashion as to indicate that the matters dealt with therein are procedural and thus arguably applicable to any wrongful death action brought in Kansas. We think it entirely possible, in light of the specific provision in 60–3201, that a wrongful death action brought in Kansas could be regarded, conceptually, as embodying a cause of action which belongs to the decedent—which cause of action survives. We think it not impossible, particularly in light of the reasoned authority of such cases as Kilberg v. Northeast Airlines, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (N.Y. Ct.App.1961); Pearson v. Northeast Airlines, 309 F.2d 553, 92 A.L.R.2d 1162 (2nd Cir. 1962); Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (N.Y.Ct.App.1963), and the critical observations of commentators, Ehrenzweig, Conflict of Laws, §§ 211–216 (1962); Currie, The Constitution and the Choice of Law: Governmental Interests and the Judicial Function, 26 U.Chi.L.Rev. 9 (1958), that Kansas courts might hold that Kansas policy determines which parties are proper parties to maintain a wrongful death action in Kansas courts even though the accident causing death occurred elsewhere. Particularly, in view of the decision of the Kansas Supreme Court in Atchison, Topeka & Santa Fe Ry. Co. v. Ryan, 62 Kan. 682, 64 P. 603 (1901), we have the impression that a Kansas court well might rule that in any wrongful death action properly brought in its courts the real parties in interest are the next of kin of the decedent (not the administrator) and that next of kin in this context is inclusive of persons other than lineal descendants. All these considerations, however, relate to matters which it is peculiarly the function of Kansas courts to rule upon. Since these are threshold questions in both of these cases, we feel that the interest of justice would best be served by re-transferring these companion cases to the United States District Court for the District of Kansas where they were originally brought.

If, following the decisions by the United States District Court for the District of Kansas on questions of Kansas law, including the Kansas conflicts and choice-of-law questions as well as the matter of who is the real party in interest, it is determined that the cases are to be tried on their merits, it would, of course, be appropriate to re-transfer these causes to Colorado for this purpose; in other words, nothing which has been stated above in any way questions the propriety of the decision that it is more expedient to try these cases on their merits in Colorado than in Kansas.

We are constrained to order that the actions be re-transferred to the United States District Court for the District of Kansas.

For the reasons given above, it is, therefore,

Ordered that Civil Action No. 8407 and Civil Action No. 8408 be, and the same hereby are re-transferred to the United States District Court for the District of Kansas. It is

Further ordered that the Clerk shall forthwith transfer the court files in these actions to the Clerk of the United States District Court for the District of Kansas.